**Jose R. CRUZ and Julita S. Cruz, Appellants,**

v.

**PACIFIC AMERICAN INSURANCE CORPORATION, a corporation, Appellee.**

**No. 19133.**

United States Court of Appeals Ninth Circuit.

Oct. 22, 1964.

---

Finton J. Phelan, Jr., Agana, Guam, and Alvin G. Buchignani, San Francisco, Cal., for appellants.

Gerald F. Ellersdorfer, Bohn & Williams, Benicia, Cal., and Arriola, Bohn & Gayle, Agana, Guam, for appellees.

Before POPE and BARNES, Circuit Judges, and THOMPSON, District Judge.

BARNES, Circuit Judge.

On August 21, 1962, appellants, owners of a retail store in Dededo, Guam, obtained from the appellee, Pacific American Insurance Corporation, a policy of typhoon insurance. On November 11, 1962, the typhoon "Karen" struck the isle of Guam. This "valued" policy was issued in the principal sum of $2,647.61 on store equipment and $22,592.39 on stock in trade, for a period of one year.

Appellants claimed a loss of $22,240, and furnished Proof of Loss in that sum on January 9, 1963. When payment was not made within sixty days, appellants sued.

By an amended complaint, appellants increased their demands for the loss claimed to those granted by Section 43407 of the Government Code of Guam. That section reads:

> "§ 43407. *Failure to pay loss, recovery of amount due and damages.* In all cases where loss occurs and the insurer liable therefor shall fail to pay the same within the time specified in the policy, after demand made therefor, such insurer shall be liable to pay the holder of such policy, in addition to the amount of such loss, twelve percent (12%) damages upon the amount of such loss, together with all reasonable attorney's fees for the prosecution and collection of said loss; said attorney's fees to be taxed by the court where the same is heard on original action, by appeal or otherwise, and to be taxed as a part of the costs therein and collected as other cost are or may be by law collected; and writs of attachment or garnishment filed or issued after proof of loss or death has been received by the insurer shall not defeat the provisions of this section, provided the insurer desiring to pay the amount of the claim as shown in the proof of loss or death may pay said amount into the registry of the court after issuance of writs of attachment and garnishment, in which event there shall be no further liability on the part of said insurer."

Appellants' amended complaint prayed for interest; 12% for statutory damages on the loss alleged, or $2,668.83; for attorneys' fees of $8,169; and for costs of suit.

Appellee first made a motion to dismiss on the ground the Bank of America, to whom appellants' claim had been assigned, was the real party in interest. A "Second Amended Petition" was then filed, in which Bank of America, in a second cause of action, was joined as plaintiff.

Appellee then put in an answer with various defenses, including misrepresentation of the value of the insured property and the amount of the loss. Pretrial was had and the matter set down for jury trial on November 4, 1963.

■ On October 29, 1963, six days before trial, an "Offer of Compromise" was made by counsel for defendant. (Clk's Tr. p. 19.) It read as follows:

"PLEASE TAKE NOTICE that the defendant in the above-entitled action hereby offers to allow judgment to be taken against it for the sum of $22,240.26, and for the necessary costs expended in this action by the plaintiffs.

"If, as a matter of law, it be determined by the court that a twelve per cent penalty is due on the foregoing, the defendant also offers to allow judgment to be taken against it for the additional twelve per cent penalty.

"If you accept this offer and give notice thereof within five (5) days, you may file this offer with proof of notice of acceptance and the Judge of the above-entitled court is hereby authorized to enter judgment in accordance with this offer."

We note that no mention is made, either in the body or heading of this offer, whether it was made under the provisions of § 997 of the Code of Civil Procedure of Guam,[1] or Rule 68 of the Federal Rules of Civil Procedure.[2]

The Guam Code of Civil Procedure provides such an offer may be made "at any time before the trial," while Rule 68 requires the filing "[a]t any time more than 10 days before the trial begins." If we assume "10 days before the trial begins" means "10 days before the date the trial is set" (and it must mean that to make it an effective rule), the offer made in this case was not timely.

Nonetheless, on November 1, 1963, there was a "Notice of Acceptance of Offer of Judgment—Rule 68 F.C.R.P." filed, which was worded as follows:

"Please take notice that plaintiffs under the provisions of Rule 68 Fed-

---

1. Section 997, Code of Civ.P. of Guam, reads as follows:

"Offer to compromise. The defendant may, at any time before the trial or judgment, serve upon the plaintiff an offer to allow judgment to be taken against him for the sum or property, or to the effect therein specified. If the plaintiff accept the offer, and give notice thereof within 5 days, he may file the offer, with proof of notice of acceptance, and the clerk must thereupon enter judgment accordingly. If the notice of acceptance be not given, the offer is to be deemed withdrawn, and cannot be given in evidence upon the trial; and if the plaintiff fail to obtain a more favorable judgment, he cannot recover costs, but must pay the defendant's costs from the time of the offer."

2. Rule 68, Fed.R.Civ.P., reads as follows:

"Offer of Judgment. At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. As amended Dec. 27, 1946, effective March 19, 1948."

eral Rules of Civil Procedure accept the offer received and filed in this action on 29th October, 1963, allowing plaintiffs to take judgment in the sum of Twenty Two Thousand Two Hundred Forty Dollars and twenty-six cents ($22,240.26) together with costs accrued."

We note the offer was in the principal sum, "and for necessary costs *expended*"; the acceptance was in the principal sum, "together with costs *accrued*." (Emphasis added.)

Whether there was actually thus a precise meeting of the minds is doubtful. But each side assumed there had been; and the trial judge found there had been in the judgment he entered (Clk's Tr. p. 23) on November 5, 1963.

The offer made no mention of attorneys' fees, but specified the matter of "a twelve per cent penalty" was to be determined by the court. Both were included in the "Bill of Costs" prepared by counsel for defendant and filed by the Clerk on November 4, 1963. Some person unknown twice *wrote* the word "out" in longhand after both the "12% damage claimed, $2,668.83" (typewritten) and the "attorney's fees claimed, $7,415.40" (typewritten).

Plaintiffs then filed with the court a motion to tax costs. No document purporting to be such a motion is before us, and we do not know when it was *filed*, if it was—nor even if it was required by the rules of court. However, such a motion was *heard* on November 22, 1963. Counsel for the moving party claimed both the 12% and the attorney's fees were costs. The trial judge thought otherwise.

The attorney's fees had not "accrued," (in the language used in the acceptance) because attorney's fees were discretionary, and to be awarded by the court later. "The parties," said the trial judge, "by the offer and terms of the acceptance, have precluded the allowance of either interest or attorney's fees."

The court thought the 12% damages another matter. "They [the offerors]

left open in their offer, of course, only the question of the 12% penalty."

Apparently, however, (1) on November 5, 1963, when the judgment was signed and filed, and (2) on November 22, 1963, when the hearing on the motion to tax costs was heard, and (3) on November 27, 1963, when a correction of the date when interest on the judgment was to run was made, the court was of the opinion the plaintiffs were not entitled to 12% damages. Both parties agree he denied the motion to tax such 12% as costs.

Appellants urge they are entitled to both the 12% and a reasonable attorney's fee, as a matter of law.

We think appellants are right as to their first position, and wrong as to their second.

The 12% damages was a liability created by statute (§ 43407); was exact once the loss was established by proof, and accrued as soon as the time specified in the policy (here sixty days) expired without payment. There was nothing left to determine with respect to the award of damages, except whether as a matter of law a 12% penalty is due, this being the question reserved for court determination by the offer of judgment. Otherwise, damages had accrued once the loss had been determined and proof made and denied, or payment refused, within the policy limit of sixty days. The offer of compromise did not deny such a liability—it specifically recognized its possible existence.

It was not required that the 12% damages be taxed "as costs." It had nothing to do with costs. The "said attorneys' fees [are] to be taxed by the court * * * as part of the costs," says the statute, after a semicolon. The part referring to damages comes *before* the first semicolon used in the first and only sentence of the statute, after the section heading.

We agree with appellee that the court could not add the 12% damages as part of the costs; the court should have add-

ed it to the judgment awarded pursuant to the offer and acceptance.

We do not agree with appellee that the 12% damages could not be awarded by the court because there would first have to be a trial on the issue of liability. That trial was foreclosed by the offer and acceptance. *There could never be a valid offer in compromise and a valid acceptance if there had to be a subsequent determination of liability under the policy.* Such a ruling would defeat the whole policy of encouragement of settlement of insurance claims by the insurers within the time limits set by those who draw their own contracts; and would require the plaintiff to expend time and money to enforce his contract, without damages. National Liberty Ins. Co. of America v. Police Jury, 96 F.2d 261, 263 (5th Cir. 1938); United States for Use and Benefit of Magnolia Petroleum Co. v. H. R. Henderson & Co., 126 F. Supp. 626, 638 (W.D. Ark. 1955). See also Tollett v. Phoenix Assur. Co., 147 F.Supp. 597, 604 (W.D. Ark. 1956).

■ As to the attorneys' fees, they are another matter. They had not "accrued" nor were they certain in amount when the offer was accepted. They were to be taxed as costs subsequently. The matter of costs is largely discretionary with the trial court, and particularly in cases of this nature. The trial judge indicated his concern that here there were some equities, at least, with the insurer—that "the res insured was evanescent and changeable—a thing that was as fluid as a stock in trade;" and that there was "an absence of up-to-date inventories," etc.

Further, the insurer did not specifically refer in its offer of compromise to any willingness to pay attorneys' fees. It must be presumed the offerer had in mind saving something for itself; if it could save neither the 12% damages *nor* the attorney's fees *nor* costs over *the full amount* of the claim against the company, why should any offer in compromise ever be made? The saving of costs of attorney's fees to defendant's own lawyer would be the only answer.

Where no mention of attorney's fees was made in the offer, but the 12% addition to damages was, it behooved the appellants in replying to the offer, and in accepting it, to be cautious in the language they used to accept; otherwise they are (and it is fair that they should be) closely held to only that which the agreement expresses. The trial judge did no more than this with respect to the claimed attorney's fees, and we uphold his action.

■ At oral argument we requested respective counsel to furnish additional authorities on the effect of the full satisfaction of judgment filed herein, and its effect, if any, on our jurisdiction to hear this appeal. We have received them from both sides, and are satisfied we have jurisdiction to decide the dispute between the parties.

"It is a generally accepted rule of law that where a judgment is appealed on the ground that the damages awarded are inadequate, acceptance of payment of the amount of the unsatisfactory judgment does not, standing alone, amount to an accord and satisfaction of the entire claim." United States v. Hougham, 364 U.S. 310 at 312, 81 S.Ct. 13 at 16, 5 L.Ed.2d 8 (1960).

That rule would be particularly applicable here, in view of the interlineation in the satisfaction of judgment.[3] (Tr. p. 28.)

---

3. Said satisfaction of judgment was typewritten, and recited $22,358.94 had been paid "in full satisfaction of $22,240.26, $37.00 costs, and interest at the rate of 6% per annum from November 5, 1963 until paid."

There was then interlined in handwriting the following:

"* * * said judgment not including 12% penalty or attorney's fees, both of which having been denied by the court * * *",

together with initials of respective counsel.

The judgment is affirmed in part, and reversed in part, and remanded to the trial judge to amend the judgment by increasing the amount awarded by 12%, plus interest from November 5, 1963 on said 12% until paid, at 6% per annum; each party on this appeal to bear its respective costs.