Laurel WATERS, Individually and as a class action on behalf of all persons who have been, are, or will be similarly situated, Plaintiffs,

Equal Employment Opportunity Commission, Plaintiff-Intervenor,

v.

HEUBLEIN, INC., a corporation; United Vintners, Inc., a corporation, Defendants.

No. C–73–1148.

United States District Court, N. D. California.

Nov. 9, 1979.

Robert S. Gelman, San Francisco, Cal., for plaintiff.

Cherie A. Gaines, EEOC, San Francisco, Cal., for plaintiff-intervenor.

Charles B. Klinedinst, Pettit & Martin, San Francisco, Cal., for defendants.

## ORDER RE: FURTHER ATTORNEY'S FEES AND COSTS

WOLLENBERG, District Judge.

In 1974, plaintiff Laurel Waters filed an action against defendants Heublein, Inc. and United Vintners, Inc. charging employment discrimination and violations of the Equal Pay Act. The filing of this action led to the entry of two consent decrees, settlement of the individual claim of Susan Kossow, and a jury verdict in favor of the named plaintiff Laurel Waters. Plaintiff's counsel has now moved the Court for a further award of attorney's fees, and both plaintiff and defendants have filed motions for costs.

### 1. Attorney's Fees.

Plaintiff's counsel has previously received three awards of fees in this case totaling $60,260. On February 2, 1977, the Ninth Circuit awarded him interim fees of $7,500 for services on the interlocutory appeal of this Court's decision that plaintiff lacked standing to pursue her Title VII claims based upon racial and national origin discrimination. On December 7, 1978, this Court awarded counsel $48,000 as full com-

pensation for his representation in this action of the class of female employees. Five days later, on December 12, 1978, this Court awarded plaintiff's attorney $4,760 as full compensation for his services in opposing defendants' petition for certiorari on the standing question.

The present motion involves claims for fees for 535 hours of work not yet the subject of any fee award. The discussion below indicates that Rule 68, Fed.R.Civ.P., precludes an award of fees for approximately 185 hours of time expended on the trial of Ms. Waters' individual claim. In reviewing the claim for the award as to the remaining 350 hours, the Court has applied the reasoning articulated in its two previous fee orders and relied on the cases cited therein. *See Order Re: Appellate Attorney's Fees*, December 12, 1978; *Memorandum Opinion and Order Re: Class Action Attorney's Fees*, December 7, 1978.

This motion suffers from the same problems that compelled the Court in its previous orders to disregard counsel's reconstruction of the hours he had expended and to substitute its own estimate of the time that a reasonably competent attorney would have spent on the case. Some 110 hours of the time claimed herein is based upon counsel's reconstruction of his time records that the Court previously discarded as being of "minimal use" in determining the awardable hours expended on this case. *See Memorandum Opinion and Order Re: Class Action Attorney's Fees*, December 7, 1978, at 2–3. Exhibit A to the "Supplemental Further Affidavit of Robert S. Gelman," filed on March 1, 1979, covers the remaining hours claimed in this motion. Counsel avers that this exhibit, unlike the reconstruction, is based upon contemporaneous time records. Yet counsel's failure to submit copies of those records, the vagueness of the entries in Exhibit A, and the Court's view that the hours claimed are undeniably excessive and, in part, actually cover work done by attorneys from the Equal Employment Opportunity Commission (EEOC), similarly limit the value of the latter affidavit in determining the number of hours for which counsel should be awarded fees.

Specifically, the Court refers to the approximately 125 hours counsel claims for time expended on the two previous motions for fees and this motion. There can be no question concerning the propriety of an award for such effort; a contrary rule would undercut the purpose of statutory fees by diluting the value of the fees actually awarded. *See, e. g., Prandini v. National Tea Co.*, 585 F.2d 47, 53–54 (3rd Cir. 1978); *Stanford Daily v. Zurcher*, 64 F.R.D. 680, 683–84 (N.D.Cal.1974), *aff'd*, 550 F.2d 464 (9th Cir. 1977), *rev'd on other grounds*, 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978). However, the Court finds the number of hours claimed for this work to be unduly excessive. For example, Exhibit A indicates that counsel consumed 48 hours in preparation of his reply brief to defendants' opposition to his motion for fees for work done on behalf of the sex discrimination claimants. In view of the quality and content of that work, which essentially consists of an argumentative denial of defendants' contentions and cites in passing only four cases, the Court finds it incredulous that counsel could have expended so much time in its preparation. Counsel's other claims for work on fee motions suffer from the same credibility problems. A fair award would compensate counsel for 80 hours work on these subjects.

▄ The Court also entertains serious doubts concerning the 177 hours of work counsel claims to have done on the race and national origin claims at the trial level. In addition to the previously mentioned problems arising out of the deficiencies of counsel's affidavits concerning the inadequate identification of the work actually done and excessive hours claimed, the Court also understood from its participation in this aspect of the case that the EEOC attorneys had carried much of the burden of the trial level work on these claims. In fact, counsel ultimately failed to sign the Supplemental Consent Decree negotiated by defendants and the EEOC. Grants of attorney's fees may be discounted where unnecessary duplication of efforts occur. *See Johnson v.*

*Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974). In view of these considerations, the Court will award counsel fees for 120 hours for time expended on this aspect of the case.[1]

Counsel's claims pertaining to his time expended on Ms. Kossow's individual claim and to the time spent on Ms. Waters' individual claim, prior to defendants' offer of judgment, appear to be reasonable. The Court thus awards counsel fees for 20 hours of time expended on these matters.

Approximately 28 hours claimed by counsel are so vaguely described that the Court is unable to discern the purpose of this work. Since counsel has failed to meet his burden of establishing the reasonableness of these claims, *see generally, Stanford Daily v. Zurcher*, 64 F.R.D. at 683 n.1, the Court rejects these claims.

The remaining 185 hours involve time spent at the trial level on Ms. Waters' individual claim. Preliminarily, it should be noted that the relatively small judgment in this matter, $3,995, plus $2,454, representing prejudgment interest as of the date of the Court's opinion, probably would not justify an award for all of counsel's alleged hours since such an award, if calculated on the basis of the hourly rate the Court has previously used on other aspects of this case ($40), would almost equal the amount of the judgment. *See, e. g., Johnson v. Georgia Highway Express, Inc.*, 488 F.2d at 718; *Schaeffer v. San Diego Yellow Cabs, Inc.*, 462 F.2d 1002, 1008 (9th Cir. 1972). But the Court need not evaluate the reasonableness of counsel's claims because of the application of Rule 68, Fed.R.Civ.P.

■ Rule 68 provides that a party defending a claim may at any time more than ten days before the trial make an offer of judgment for money or property together with costs then accrued. If the offer of judgment exceeds the "judgment finally obtained by the offeree," then the offeree,

even if the prevailing party, must pay the offeror's costs incurred after the offer and is precluded from recovering its own costs for that time. Rule 68 allows the court no discretion, *Dual v. Cleland*, 79 F.R.D. 696 (D.D.C.1978); *Mr. Hanger, Inc. v. Cut Rate Plastics, Inc.*, 63 F.R.D. 607 (E.D.N.Y.1974), and supercedes Rule 54(d), Fed.R.Civ.P. The Rule uses the threat of the burden of costs in order to facilitate the purpose of encouraging the pretrial settlement of litigation. *Mr. Hanger*, 63 F.R.D. at 610.

On January 17, 1978, defendants served upon plaintiff's counsel the following offer of judgment:

Pursuant to Rule 68 of the Federal Rules of Civil Procedure, defendants hereby offer to allow judgment to be taken against them in this action as follows:

(i) in the amount of TEN THOUSAND DOLLARS ($10,000), less statutory wage deductions, together with costs accrued to date for all individual, non-class claims of Laurel Waters.

Defendants argue that their offer of judgment for the sum of $10,000 exceeds the judgment finally obtained of approximately $6,500, and that under Rule 68, this result precludes an award of fees for the time expended after the offer of judgment. No reported case law exists involving a similar factual situation in which a defendant has invoked Rule 68 against a prevailing plaintiff. In concurring with defendants' contention, the Court must dispose of several issues concerning the application of Rule 68 in a Title VII case and the validity of the particular offer of judgment made by defendants.

Threshold questions in this matter concern the contents of defendants' offer. The parties dispute whether defendants' offer of "costs then accrued" included fees then incurred. The determination of this matter necessarily answers two related questions pertaining to the application of Rule 68

---

1. The Court rejects defendants' contention that plaintiff was not a prevailing party on this aspect of the case. While plaintiff may have ultimately failed to sign the Supplemental Consent Decree, her counsel's appellate and post-

appellate efforts—though involving some unnecessary duplication with EEOC work—played an important role in leading to the successful conclusion of these claims.

herein—whether the proper invocation of Rule 68 bars plaintiff from recovery of fees covering work done during the post-offer period and the method of calculating whether the "judgment finally obtained" exceeds the offer of judgment.

■ Several factors lead to the conclusion that the only reasonable accommodation of Rule 68 and the fees provision of Title VII involves treating an offer for costs then accrued as including fees and finding, in this context, that such an offer, if it exceeds the judgment finally obtained, bars the recovery of the relevant fees. First, the statutory scheme in question treats fees as a component of costs. The statute states:

> In any action or proceeding under this title the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs.

42 U.S.C. § 2000e–5(k). Second, relevant Title VII case law interpreting this section indicates that fees should be awarded in all cases to prevailing plaintiffs, whether the case has settled or proceeded to trial, unless a showing of special circumstances can be made. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 416, 98 S.Ct. 694, 697, 54 L.Ed.2d 648 (1978); *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 415, 95 S.Ct. 2362, 2370, 45 L.Ed.2d 280 (1975). Thus while fees normally awarded at the end of the case may not have "accrued" in a literal sense at the time an offeror makes its offer of judgment, those fees have accrued for all practical purposes at the time of the offer, contingent upon the offeree's acceptance or that party's prevailing in the case. *See generally, Scheriff v. Beck*, 452 F.Supp. 1254 (D.Col.1978) (holding that an offer for costs "incurred" should be construed as an offer for costs "accrued" and that fees are part of costs for purposes of Rule 68). Third, defendants' offer of judgment tracks the language of Rule 68. In view of the above-mentioned considerations, the only reasonable reading of this offer would have interpreted "costs then accrued" as including fees for the time (13 hours) counsel had then spent on this aspect of the case.

The case of *Scheriff v. Beck*, 452 F.Supp. 1254, cited above, supports this position. There, defendant prevailed in a civil rights suit brought under 42 U.S.C. § 1983. Fees are awarded in such cases pursuant to the same standards and statutory language involved in Title VII cases. *See, e. g., Wharton v. Knefel*, 562 F.2d 550, 557 (8th Cir. 1977). Having proffered a rejected offer of judgment that expressly excluded fees, defendant sought to invoke Rule 68. The court, however, found the offer to be invalid, reasoning that Rule 68 requires that an offer must include all costs and that, in such a case, fees are part of costs. *Scheriff v. Beck*, 452 F.Supp. at 1260. Implicit in this holding was the assumption that an offer for costs then accrued included fees.

In addition, this approach gives effect to the policies underlying the rule and the statutory fees provision. The purpose of the fees provision is to encourage private enforcement by competent counsel of the national policies against illegal discrimination. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d at 719; *Equal Employment Opportunity Commission v. Local Union No. 3*, 416 F.Supp. 728, 734 (N.D.Cal. 1975). Rule 68 is designed to prevent needless litigation by punishing a party that chooses to reject a reasonable settlement offer. Awarding fees covering their pre-offer work to attorneys who settle cases through acceptance of an offer of judgment advances the purposes underlying the fees provision. On the other hand, applying Rule 68 to bar the recovery of post-offer fees in a case in which a party has rejected a reasonable offer that ultimately exceeds the judgment does not unduly interfere with the operation of this provision. Since the pre-offer efforts of the attorney reached a result more favorable to the client than the verdict, there seems little reason to reward that attorney for the post-offer work necessitated by a mistaken judgment that failed to obtain any additional benefits. Thus, this application of the Rule should work to further the legitimate concerns of judicial economy and efficiency

without discouraging attorneys from pursuing civil rights litigation.[2]

In reaching its conclusion, the Court has considered the case of *Gamlen Chemical Co. v. Dacar Chemical Products Co.*, 5 F.R.D. 215 (W.D.Pa.1946). *Gamlen* directly supports plaintiff's contention that an offer of costs then accrued does not include fees. Plaintiff therein had accepted defendant's Rule 68 offer for $500, plus costs to date, to settle its action based on copyright infringement. Plaintiff subsequently applied to the court for fees under a statutory fees provision similar in form to the one in Title VII. The court, however, rejected that application, opining that the matter of fees must be expressly mentioned to be awarded in the context of a Rule 68 offer.

Defendants herein attempt to distinguish *Gamlen* on the ground of the different standards for awarding fees under the copyright laws and Title VII. In the former situation, courts award fees as a penalty to be assessed against the wilful infringer, *see 3 Nimmer on Copyright* § 14.10(d) (1978), while in the latter, fee awards are generally made to prevailing plaintiffs in all cases except those involving special circumstances. *See Christiansburg*, 434 U.S. at 416, 98 S.Ct. at 697. Defendants argue that in the latter situation fees may more readily be construed as being "accrued" at the time of the offer.

While this distinction carries some weight, an even more severe problem plaguing the *Gamlen* approach arises out of its application to a set of facts, as presented herein, involving the converse of that case; *viz.*, when a plaintiff who has rejected an offer ultimately prevails but the offer of judgment may exceed the judgment finally obtained. *Gamlen* implicitly suggests that in such a case fees would be awarded regardless of the Rule 68 problem, and perhaps, as plaintiff suggests, should be included in the "judgment finally obtained" for purposes of determining the ultimate application of the Rule. Yet the relevant statutory fees provisions authorize the award of fees *as part of costs*. To award fees for time expended during a part of the case for which the Rule absolutely precludes the award of costs or to include fees in the calculations necessary to determine the propriety of such an award would stand the Rule on its head. This practical problem necessitates the rejection of *Gamlen*.[3] For purposes of this case, defendants' offer for costs then accrued must be construed as including fees.

■ Plaintiff also claims that the use of the terms "TEN THOUSAND DOLLARS ($10,000), less statutory wage deductions" rendered the offer unenforceable because of insufficient certainty of the amount actually offered to plaintiff. The Court summari-

2. Perhaps a different result would be mandated in a case raising a significant novel question. Litigating such a case through judgment could yield benefits to the state of the law that might justify the award of fees to counsel even after the rejection of a reasonable offer. The trial of Ms. Waters' claims, however, raised no such issues.

Furthermore, reading a good faith requirement into the Rule as done in *August v. Delta Air Lines, Inc.*, 600 F.2d 699 (7th Cir. 1979) reduces the threat that defense attorneys will utilize the rule to discourage Title VII litigation. See note 4 *infra*.

3. Plaintiff's reliance on *Cruz v. Pacific American Insurance Corp.*, 337 F.2d 746 (9th Cir. 1964), is also misplaced. A close reading of that case reveals that it did not involve an application of Rule 68. Rather, because a timeliness problem rendered Rule 68 inapplicable, the appellate court noted that the controlling rule was the Guam "Offer of Compromise"

statute, Guam Code Civ.P. § 997. 337 F.2d at 748. That statute contains a crucial difference from Rule 68—it does not on its face require that the offer of compromise include an offer for costs then accrued. Thus when the appellate court discussed whether defendant's offer "for the necessary costs expended" included fees, it focused primarily upon defendant's intent underlying the offer, 337 F.2d at 750. The court did not directly address the question raised herein of whether, for purposes of Rule 68, an offer for costs then accrued includes fees in the type of case in which fees are normally awarded as part of costs. *Cruz* undeniably contains dictum lending support to plaintiff's contentions; however, viewing that case in its proper context and also taking account of the fact that the reviewing court failed to consider any of the difficult problems raised herein suggests the inapplicability of that language to this case.

ly rejects this contention. Defendants clearly intended to offer plaintiff the sum of $10,000 plus costs. The qualifying phrase "less statutory wage deductions" indicated defendants' intent to withhold those readily ascertainable amounts from its payment to plaintiff for purposes of meeting their legal obligation as plaintiff's employer to withhold their employees' taxes and social security contributions from a backpay award. *See generally, Social Security Board v. Nierotko,* 327 U.S. 358, 66 S.Ct. 637, 90 L.Ed. 718 (1946); *Rev.Rul.* 341, 1972–2 C.B. 32; *Rev.Rul.* 55, 1957–1 C.B. 304, amplified in *Rev.Rul.* 64, 1975–1 C.B. 16. This proposed action neither rendered the offer uncertain nor did it reduce the sum actually offered to plaintiff.

█ For all of the reasons stated above, defendants' Rule 68 offer precludes an award of fees to plaintiff's counsel for his post-offer work on plaintiff's individual claim. The Court notes in passing that the record appears to suggest that it was plaintiff's groundless desire to win exemplary damages and to gain backpay for the seven years that she spent in college and medical school that led to her rejection of the offer rather than uncertainty over the offer's contents.[4] Viewed in this light, the application of Rule 68 appears even more reasonable.

In conclusion, the Court can discern no reason to deviate from the $40 hourly rate utilized in its previous orders. Applying this rate to the 220 hours for which the Court has decided to award fees produces a figure of $8,800. Because counsel's work on these matters did not involve unsettled areas of the law and was not of unusually high quality, the figure need not be increased.

### 2. *Plaintiff's Motion for Costs.*

Plaintiff's counsel has also filed a motion to tax costs incurred during various phases of this case. Counsel seeks a total award of $3,692.72; he has submitted a detailed description indicating the nature of these expenditures. Defendants apparently accept the propriety of some of these claims, but have specifically contested the validity of others.

█ In all but one instance, the Court rejects defendants' contentions. First, the applicable section of the Local Rules justifies counsel's right to tax as costs the specified deposition transcript reproduction costs. *See N.D.Cal.L.R.,* App. A, § IVA. Counsel has met his burden of establishing that these depositions were used for a purpose "in connection with the case;" the depositions appear to relate to issues settled by the consent decree. The Court next finds that counsel may tax as costs payments made with respect to the examination of certain machine-readable documents produced by defendants under Rule 34, Fed. R.Civ.P. The interpretation of these documents, which pertain to defendants' historical employment practices, significantly aided counsel and the Court in the prosecution of various aspects of this case. This item may be taxed as costs as part of the cost of reproducing documents obtained pursuant to Rule 34, *see* 28 U.S.C. § 1920(4); *N.D.Cal. L.R.,* App. A, § VA, and under the Court's equitable power to award costs in exceptional circumstances. *See generally Commonwealth of Pennsylvania v. O'Neill,* 431 F.Supp. 700, 716 (E.D.Pa.1977), *aff'd,* 573 F.2d 1301 (3d Cir. 1978). The Court also finds that the costs for items defendants describe as "ordinary office xeroxing" are allowable under 28 U.S.C. § 1920(4) as fees for papers necessarily obtained for use in the case. Finally, the application of Rule 68 precludes plaintiff's recovery of costs incurred after the offer of judgment. The

---

4. Plaintiff has recently called to the Court's attention the case of *August v. Delta Air Lines, Inc.,* 600 F.2d 699 (7th Cir. 1979), in which the appellate court affirmed a lower court decision holding that in the absence of a good faith offer that had some reasonable relationship in amount to the issues, litigation risks, and ex- penses anticipated and involved in the case, a court could in its discretion refuse to apply Rule 68. However, defendants' offer of judgment herein clearly complied with the good faith and reasonable amount requirements set out in *August.*

Court thus disallows counsel's claim for the costs of the trial exhibits.

Pursuant to these findings, the Court awards plaintiff's counsel costs totaling $3,589.22.

*3. Defendants' Motion for Costs.*

The application of Rule 68 entitles defendants to recover costs incurred after their offer of judgment. Defendants have filed a motion to tax costs in which they request reimbursement for four items: attorney's fees, expert witness fees, transcript reproduction costs, and witness fees. With the exception of the last item, the Court rejects defendants' request.

[11] Defendants recognize the extraordinary nature of their requests for attorney's fees and expert witness fees. The fees provision of Title VII authorizes fee awards to prevailing parties and *Christiansburg*, 434 U.S. at 421, 98 S.Ct. at 700, also significantly circumscribes the instances in which courts may award fees to Title VII defendants. Defendants herein fail to meet these requirements. In addition, the Local Rules specifically preclude an award of expert witness fees. *N.D.Cal.L.R.*, App. A, § VI. Defendants argue that giving full effect to the deterrent policies underlying Rule 68 necessitates disregarding this authority. Since it was plaintiff's rejection of their reasonable settlement offer that caused the incurrence of these costs, defendants argue that under the Rule, plaintiff should bear the burden of these costs. The Court rejects this argument. Rule 68 does not alter the definition of costs. The Court stands on the relevant authority setting forth those definitions. In addition, the application of Rule 68 herein raises a sufficient deterrent to give effect to the Rule.

Defendants' request for the costs of the reporters' transcripts of the trial of Ms. Waters' individual claim runs afoul of the same considerations. These costs do not qualify under the applicable Local Rule because of the absence of prior approval of the judge or stipulation of counsel. *See N.D.Cal.L.R.*, App. A, § III. The Court also rejects this request.

 Defendants' request for witness fees is proper under Rule 68. The Court thus grants defendants $216 for costs.

ACCORDINGLY, IT IS HEREBY ORDERED that plaintiff's counsel's motion for a further award of attorney's fees is GRANTED, and counsel is awarded the sum of $8,800; plaintiff's counsel's motion to tax costs is GRANTED, and counsel is awarded the sum of $3,589.22; and defendants' motion to tax costs is GRANTED, and defendants are awarded the sum of $216.

IT IS FURTHER ORDERED that counsel shall submit proposed forms of final judgment within ten (10) days of entry of this Order.