Sandra FULPS, et al.,
Plaintiffs-Appellants,

v.

The CITY OF SPRINGFIELD, TENNESSEE, et al., Defendants-Appellees.

No. 82–5313.

United States Court of Appeals,
Sixth Circuit.

Argued April 27, 1983.
Decided Aug. 25, 1983.

Joseph H. Johnston, Robert Belton (argued), Nashville, Tenn., for plaintiffs-appellants.

Ward DeWitt, Burns, William O'Bryan (argued), Nashville, Tenn., for defendants-appellees.

Before KEITH and KENNEDY, Circuit Judges, and WEICK, Senior Circuit Judge.

CORNELIA G. KENNEDY, Circuit Judge.

Finding that a petition for attorney's fees filed eight months after judgment in this civil rights action was untimely, the United States District Court for the Middle District of Tennessee denied the petition in its entirety. Appellants assert that the delay was reasonable under the circumstances. Appellees urge affirmance both on the ground relied upon by the District Court and because attorney's fees were included in the offer of judgment made pursuant to Fed.R.Civ.P. 68 which was accepted by appellants. For the reasons set forth below, we reverse and remand for further proceedings.

Sandra Fulps (Fulps) and her boyfriend, James Knight (Knight), filed this action alleging that various officers of the Springfield Police Department, Springfield, Tennessee (collectively referred to as "City of Springfield" or "City") had violated their civil rights under 42 U.S.C. §§ 1981, *et seq.* By letter dated January 15, 1981, Fulps and Knight offered to "settle all claims involved for $10,500." The City of Springfield rejected this offer. In a letter dated April 14, 1981, the City confirmed an oral offer of settlement in the amount of $5,000. The letter stated that in return for this payment all claims would be dismissed with prejudice and releases would be executed. This offer was rejected. Fulps and Knight then made

a counter-offer of $8,500. In the letter making this counter-offer their counsel stated:

> . . . . .
>
> There are several reasons why we feel that the $5,000.00 offer is insufficient, but the primary reason is that Mr. Knight himself has proveable [sic] special damages of $4,563.08 in attorney's fees alone. These are fees that Mr. Knight was forced to incur by way of defending against the unfounded and unconstitutional criminal charges lodged against him through the combined efforts of your clients. As you know, attorney's fees are a well-established element of damages in cases arising out of such an outrageous arrest.

(JA: 101).

The City of Springfield then served and filed a formal offer of judgment in the following terms:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, the defendants herein offer to allow a judgment to be taken against them, jointly and severally, in favor of the plaintiff, Sandra Fulps, in the amount of $2,500.00, plus costs accrued to the date of this offer, and in favor of the plaintiff James Knight, in the amount of $2,500.00, plus costs accrued to date of this offer.

(JA: 64).

Fulps and Knight filed a written acceptance of the offer and judgment was entered in their favor by the clerk of the court on May 19, 1981. The judgment recited the dollar amounts "plus costs accrued to date of judgment."

Fulps and Knight filed their bill of costs, with no mention of attorney's fees, on June 17, 1981, within thirty (30) days of the entry of the judgment as required by Rule 12(b)(3) [now Rule 13(d) ] of the Local Rules of Court, United States District Court, Middle District of Tennessee. Based upon the claim that newly discovered evidence suggested that some of the defendants may have committed perjury, Knight then filed a motion for leave to take the deposition of appellee, Joe Bob Burns. On November 5, 1981, after the allegations of perjury had been resolved (without any perjury being established), Fulps and Knight moved for entry of a final judgment. By an agreed order dated December 7, 1981, the judgment of May 19, 1981, was designated the final order of the court. Additionally, the bill of costs, action on which had been suspended during the perjury investigation, was reviewed and on January 25, 1982, the clerk assessed costs against the City of Springfield in the amount of $660.19.

On January 29, 1982, eight months after entry of the original judgment by the clerk, and fifty-two days after entry of the final order of the court, Joseph H. Johnston (Johnston), counsel for Fulps and Knight, filed a petition for attorney's fees pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 (Fees Awards Act). Johnston filed an affidavit explaining that the reason he had delayed the filing of his fee petition was because the judgment could have been set aside on grounds of perjury; it would have been premature to file until after that post-judgment matter had been concluded; and it was his understanding that the question of attorney's fees had to be resolved separately from the settlement of the substantive claims. The District Court denied the petition in its entirety as untimely.

### I.

█ A plaintiff who obtains relief through settlement is the "prevailing party" within the meaning of the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988.

The phrase "prevailing party" is not intended to be limited to the victor only after entry of a final judgment following a full trial on the merits. . . . If the litigation terminates by consent decree, for example, it would be proper to award counsel fees. *Incarcerated Men of Allen County v. Fair,* 507 F.2d 281 (6th Cir. 1974); *Parker v. Matthews,* 411 F.Supp. 1059 (D.D.C.1976) [*aff'd sub nom., Parker v. Califano,* 561 F.2d 320 (D.C.C.1977) ]; *Aspira of New York, Inc. v. Board of Education of the City of New York,* 65 F.R.D. 541 (S.D.N.Y.1975). A "prevailing party" should not be penalized for seek-

ing an out-of-court settlement, thus helping to lessen docket congestion. H.R.Rep. No. 94–1558, 94th Cong., 2d Sess., 7 (1976). *See also Delta Air Lines, Inc. v. August,* 450 U.S. 346, 376, 101 S.Ct. 1146, 1162, 67 L.Ed.2d 287 (1981) (dissenting op.); *Maher v. Gagne,* 448 U.S. 122, 129, 100 S.Ct. 2570, 2574, 65 L.Ed.2d 653 (1980); *Northcross v. Board of Education of Memphis,* 611 F.2d 624, 633 (6th Cir.1979), *cert. denied,* 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980). Thus, unless the attorney's fees were subsumed in the offer of judgment or the request for fees is untimely, counsel for Fulps and Knight is entitled to an award of some attorney's fees.

## II.

Fed.R.Civ.P. 68 provides that an adverse party may offer to allow judgment to be taken against him "with costs then accrued."[1] The Fees Awards Act states that attorney's fees shall be allowed "as a part of the costs." Accordingly, appellants contend that in a civil rights action the statutory authorization for the collection of attorney's fees as "costs" should be read into Rule 68. It is, thus, appellant's position that as a matter of law this Rule 68 offer of judgment translates into an offer to pay $5,000 plus traditional costs plus attorney's fees. The City of Springfield challenges appellants' interpretation arguing that the $5,000 settlement figure is inclusive of attorney's fees, and that under the phrase "plus costs then accrued" they are responsible only for the traditional "costs" which may be assessed under 28 U.S.C. § 1920.[2]

There is no dispositive case law on this issue. Although some members of the Court spoke to the problem in *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981), the majority opinion did not address whether a Rule 68 offer of judgment necessarily includes attorney's fees within the offer to pay "costs then accrued." In a separate opinion concurring in the result, Justice Powell notes that in Title VII cases a Rule 68 offer of judgment is a proposal of settlement that, by definition, stipulates that the plaintiff shall be treated as a prevailing party and that the "costs" component of the Rule 68 offer will include reasonable attorney's fees. *Id.,* at 363, 101 S.Ct. at 1155. Justice Powell reasons that because "costs" are no-

1. Fed.R.Civ.P. 68 provides:

**Offer of Judgment**

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

2. 28 U.S.C. § 1920 provides:

**Taxation of Costs**

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

As amended Oct. 28, 1978, Pub.L. 95–539, § 7, 92 Stat. 2044.

where defined in the Federal Rules of Civil Procedure, one must look to the fee provision of the Civil Rights Act, 42 U.S.C. § 1988, to determine the types of costs assessable under Rule 68. Since Section 1988 includes attorney's fees "as a part of the costs," then, a Rule 68 offer of judgment providing for "costs then accrued" must be read to include "costs and attorney's fees then accrued."

Justice Rehnquist, with whom the Chief Justice and Justice Stewart joined in dissent, disagree with Justice Powell. *Id.,* at 375–380, 101 S.Ct. at 1161–1164. Relying upon *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980), they contend that "the 'contemporaneous understanding' of the term 'costs' when the Federal Rules of Civil Procedure were promulgated in 1938 did not include attorney's fees. . . ." *Delta Air Lines, supra,* 450 U.S. at 377, 101 S.Ct. at 1162. Similarly, they argue that the intent of the drafters, as well as the interests of public policy, dictate against construing Rule 68 to allow attorney's fees to be recoverable as costs. Thus, they conclude that attorney's "fees are just as susceptible to compromise and settlement as are other inchoate consequences of liability such as compensatory damages or backpay." (footnote omitted) *Id.,* at 378–79, 101 S.Ct. at 1163.

Although there is no easy answer to the question whether, in a Rule 68 offer of judgment in a civil rights action, the phrase "with costs then accrued" includes attorney's fees, we are inclined to agree with Justice Powell's analysis. Other courts which have considered the issue are divided. Two District Courts have concluded that the only reasonable accommodation of Rule 68 and the fees provision of the underlying statutes involves treating an offer for "costs then accrued" as including attorney's fees. *See Waters v. Heublein,* 485 F.Supp. 110 (N.D.Cal.1979); *Scheriff v. Beck,* 452 F.Supp. 1254 (D.Colo.1978). In *Scheriff,* the defendant served an offer of judgment on the plaintiff "in the amount of $2,200 together with costs, *not including attorney's fees,* incurred to date." Plaintiff rejected the offer and eventually recovered less than the amount offered. When defendant sought to invoke the penalties of Rule 68, plaintiff countered that the offer of judgment was fatally defective because it had excluded attorney's fees then accrued. The *Scheriff* court agreed. *Id.,* at 1260:

> Rule 68 requires that an offer of judgment include payment of costs then accrued. In civil rights actions attorney's fees can constitute part of the costs. Rule 68 does not permit an offeror to choose which accrued costs he is willing to pay. Thus, the offer of judgment is invalid and [defendant] will not be awarded his costs which accrued after the date of the offer of judgment.

Likewise, we agree.[3]

When Congress drafted 42 U.S.C. § 1988, it described attorney's fees "as a part of the costs." Congress could have

---

**3.** In dicta, the Seventh Circuit recently rejected Justice Powell's position that a prevailing party in a civil rights action is entitled to attorney's fees as a part of "costs" under Rule 68. *Pigeaud v. McLaren,* 699 F.2d 401, 403 (7th Cir. 1983). *See also Gautreaux v. Chicago, Housing Authority,* 690 F.2d 601, 611 (7th Cir.1982), *petition for cert. denied,* —— U.S. ——, 103 S.Ct. 2438, 77 L.Ed.2d 1322 (1983) (where the Seventh Circuit found that a local rule setting time constraints on the timeliness of costs bills had nothing whatsoever to do with fee petitions, applying only to costs otherwise recoverable under 28 U.S.C. § 1920). These decisions arguably deviate, without explanation, from the earlier decision in *Bond v. Stanton,* 630 F.2d 1231 (7th Cir.1980). In *Pigeaud,* the Seventh Circuit relied upon *Cruz v. Pacific American Insurance Corp.,* 337 F.2d 746 (9th Cir.1964), a case which we find factually distinguishable.

*Cruz* did not deal with an underlying statutory authorization for the award of attorney's fees "as part of costs." Rather, it was an insurance contract settlement case where the court concluded that an offer to pay the judgment "together with costs accrued" should not be read to include attorney's fees in the absence of some evidence that the parties intended such an interpretation. *Cruz* is further distinguished because a timeliness problem precluded application of Rule 68 and the decision rested on the "offer of compromise" statute of Guam Code Civ.P. § 997, which substantially differs from the Federal Rule. The Seventh Circuit also relied upon *Gamlen Chemical Co. v. Dacar Chemical Products Co.,* 5 F.R.D. 215 (W.D.Pa. 1946), where the court concluded, without legal analysis, that the "with costs then accrued" language of Rule 68 did not include attorney's

simply authorized the recovery of attorney's fees, but it chose to go further and characterize the fees as costs. Required, as we are, to construe the language of a statute so as to avoid making any word meaningless or superfluous,[4] we conclude that Congress expressly characterized fees as costs with the intent that the recovery of fees be governed by the substantive and procedural rules applicable to costs.

The Supreme Court has held that the eleventh amendment[5] is not a bar to the awarding of attorney's fees, "like other items of costs," against state governments in civil rights actions. *Hutto v. Finney,* 437 U.S. 678, 697–698, 98 S.Ct. 2565, 2576–77, 57 L.Ed.2d 522 (1978). The Court went on to state:

> There is ample precedent for Congress' decision to authorize an award of attorney's fees as an item of costs. In England, costs "as between solicitor and client," *Sprague v. Ticonic Nat. Bank,* 307 U.S. 161, 167, [59 S.Ct. 777, 780, 83 L.Ed. 1184] are routinely taxed today, and have been awarded since 1278. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 247 n. 18 [95 S.Ct. 1612, 1616 n.

18, 44 L.Ed.2d 141]. ⌈In America, although fees are not routinely awarded, there are a large number of statutory and common-law situations in which allowable costs include counsel fees.⌉ (footnote omitted) Indeed, the federal statutory definition ʼof costs, which was enacted before the Civil War and which remains inʼ effect today, includes certain fixed attorney's fees as recoverable costs. (footnote omitted) In *Fairmont Creamery* [*Co. v. Minnesota,* 275 U.S. 70, 48 S.Ct. 97, 72 L.Ed. 168 (1972)] itself, the Court awarded these statutory attorney's fees against the State of Minnesota along with other taxable costs, (footnote omitted) even though the governing statute said nothing about state liability. *It is much too late to single out attorney's fees as the one kind of litigation cost whose recovery may not be authorized by Congress without an express statutory waiver of the States' immunity.* (footnote omitted) (emphasis added)

In *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 245, 95 S.Ct. 1612, 1615, 44 L.Ed.2d 141 (1975), the Supreme Court questioned whether, where

---

fees, even though the general rule is to allow attorney's fees in copyright actions.

Finally the Seventh Circuit relied upon *Greenwood v. Stevenson,* 88 F.R.D. 225 (D.R.I. 1980). The *Greenwood* court noted that it found the analysis in *Waters, supra,* to be well-reasoned and persuasive, and if writing on a clean slate, would concur in that court's conclusion that attorney's fees are a part of costs in civil rights cases. *Greenwood, supra,* at 231. The *Greenwood* court, however, felt compelled by the First Circuit's decision in *White v. New Hampshire Department of Employment Security,* 629 F.2d 697 (1980), *rev'd,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), to conclude that the term "costs" does not include attorney's fees. The *White* court did not purport to determine the meaning of "costs" in Rule 68. Rather, it concluded that attorney's fees are part of the judgment and rejected the view that attorney's fees are "costs" recoverable after judgment under Fed.R.Civ.P. 54 and 58. Finding it untenable to conclude that the term "costs" in Rule 68 means something radically different from the word "costs" in Rules 54 and 58, the *Greenwood* court concluded that "accrued costs" in a Rule 68 offer of judgment do not, as a matter of law, encompass attorney's fees. Since the drafting of *Greenwood,* the *White* decision has been reversed by the Su-

preme Court. Although concluding that attorney's fees are not "properly encompassed in a decision on the merits," *id.,* at 451, 102 S.Ct. at 1166, "[n]or ... fairly ... characterized as an element of 'relief' indistinguishable from other elements," *id.,* at 452, 102 S.Ct. at 1166, the Supreme Court expressly declined to address the question whether "the § 1988 provision for attorney's fees 'as a part of ... costs' established that post judgment fee requests constitute motions for 'costs' under Rules 54(d) and 58 ...." *Id.,* at 454 n. 17, 102 S.Ct. at 1168 n. 17. Accordingly, we are neither persuaded by the reasoning of the Seventh Circuit nor the authority it relies upon in fashioning its position.

4. *See Yamaguchi v. State Farm Mutual Auto Insurance Co.,* 706 F.2d 940, 947 (9th Cir.1983); *Zimmerman v. North American Signal Co.,* 704 F.2d 347, 353 (7th Cir.1983).

5. The eleventh amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

there is no applicable statutory authorization for an award of attorney's fees, the court may award fees under "any exception to the general 'American rule' that the prevailing party may not recover attorney's fees as costs or otherwise." [6] ⌈The Court engaged in an exhaustive analysis of legal history and concluded that it would be inappropriate for courts to fashion a private-attorney-general exception [7] to the American rule disallowing attorney's fees.⌋ Concluding that it is inappropriate for the judiciary to fashion such an exception to the general rule, the *Alyeska* court noted that it is for Congress to make

> specific and explicit provisions for the allowance of attorneys' fees under selected statutes granting or protecting various federal rights.[33]

[33] See Amendments to Freedom of Information Act, Pub.L. 93–502, § 1(b)(2), 88 Stat. 1561 (amending 5 U.S.C. § 552(a)); Packers and Stockyards Act, 42 Stat. 166, 7 U.S.C. § 210(f); Perishable Agricultural Commodities Act, 46 Stat. 535, 7 U.S.C. § 499g(b); Bankruptcy Act, 11 U.S.C. §§ 104(a)(1), 641–644; Clayton Act, § 4, 38 Stat. 731, 15 U.S.C. § 15; Unfair Competition Act, 39 Stat. 798, 15 U.S.C. § 72; Securities Act of 1933, 48 Stat. 82, as amended, 48 Stat. 907, 15 U.S.C. § 77k(e); Trust Indenture Act, 53 Stat. 1176, 15 U.S.C. § 77www(a); Securities Exchange Act of 1934, 48 Stat. 890, 897, as amended, 15 U.S.C. §§ 78i(e), 78r(a); Truth in Lending Act, 82 Stat. 157, 15 U.S.C. § 1640(a); Motor Vehicle Information and Cost Savings Act, Tit. IV, § 409(a)(2), 86 Stat. 963, 15 U.S.C. § 1989(a)(2) (1970 ed., Supp. II); 17 U.S.C. § 116 (copyrights); Organized Crime Control Act of 1970, 18 U.S.C. § 1964(c); Education Amendments of 1972, § 718, 86 Stat. 369, 20 U.S.C. § 1617 (1970 ed., Supp. II); Norris-LaGuardia Act, § 7(e), 47 Stat. 71, 29 U.S.C. § 107(e); Fair Labor Standards Act, § 16(b), 52 Stat. 1069, as amended, 29 U.S.C. § 216(b); Longshoremen's and Harbor Workers' Compensation Act, § 28, 44 Stat. 1438, as amended, 86 Stat. 1259, 33 U.S.C. § 928 (1970 ed., Supp. II); Federal Water Pollution Control

6. It should be noted that the parties in *Alyeska* treated attorney's fees as costs, at least to the extent that the request for fees was included in the bill of costs. *Id.,* at 245 n. 13, 95 S.Ct. at 1615 n. 13.

7. Prior to the *Alyeska* decision, courts had used their equity powers to shift fees when individuals had acted as private attorneys general, playing a significant role in enforcing legislative policy. Such private attorneys general ensure the proper functioning of our system of

Act, § 505(d), as added, 86 Stat. 888, 33 U.S.C. § 1365(d) (1970 ed., Supp. II); Marine Protection, Research, and Sanctuaries Act of 1972, § 105(g)(4), 33 U.S.C. § 1415(g)(4) (1970 ed., Supp. II); 35 U.S.C. § 285 (patent infringement); Servicemen's Readjustment Act, 38 U.S.C. § 1822(b); Clean Air Act, § 304(d), as added, 84 Stat. 1706, 42 U.S.C. § 1857h–2(d); Civil Rights Act of 1964, Tit. II, § 204(b), 78 Stat. 244, 42 U.S.C. § 2000a–3(b), and Tit. VII, § 706(k), 78 Stat. 261, 42 U.S.C. § 2000e–5(k); Fair Housing Act of 1968, § 812(c), 82 Stat. 88, 42 U.S.C. § 3612(c); Noise Control Act of 1972, § 12(d), 86 Stat. 1244, 42 U.S.C. § 4911(d) (1970 ed., Supp. II); Railway Labor Act, § 3, 44 Stat. 578, as amended, 48 Stat. 1192, as amended, 45 U.S.C. § 153(p); The Merchant Marine Act of 1936, § 810, 49 Stat. 2015, 46 U.S.C. 1227; Communications Act of 1934, § 206, 88 Stat. 1072, 47 U.S.C. § 206; Interstate Commerce Act, §§ 8, 16(2), 24 Stat. 382, 384, 49 U.S.C. §§ 8, 16(2), and § 308(b), as added, 54 Stat. 940, as amended, 49 U.S.C. § 908(b); Fed.Rules Civ.Proc. 37(a) and (c). See generally 1 Speiser §§ 12:61–12:71; Annotation, *supra* n. 31, at 922–942.

*Id.,* at 260, 95 S.Ct. at 1623.

Congress has so acted with respect to civil rights actions. Section 1988 is the congressional response to the *Alyeska* decision. "[I]t meets the technical requirements that the Supreme Court has laid down if the Federal Courts are to continue the practice of awarding attorneys' fees which had been going on for years prior to the Court's May decision." S.Rep. No. 94–1011, p. 6, *reported in,* [1976] U.S.Code Cong. & Admin. News, 5908, 5913.

Appellees cite *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980), for the broad proposition that Section 1988, which allows a prevailing party to recover attorney's fees "as part of the costs," should not be read into Rule 68. For the reasons set forth by Justice Powell, the author of *Piper,* in his dissenting opinion in *Delta Air Lines, supra,* at 364 n. 2, 101 S.Ct. at 156 n. 2,[8]

government. S.Rep. No. 94–1011, pp. 3–4, *reported in,* [1976] U.S.Code Cong. & Admin. News, 5908, 5910–5911.

8. [2] In *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980), we held that the term "costs," as it is used in 28 U.S.C. § 1927, does not incorporate by reference the definition of costs used in Title VII. Nothing in that case is inconsistent with my reasoning here. In *Roadway Express,* a party sought costs, including an

we conclude that the *Piper* decision does not preclude our conclusion here that the term "costs," as used in Rule 68, should be read to include attorney's fees where fees are authorized by the substantive statute at issue in the litigation.

Our interpretation avoids several problems that arise from including attorney's fees in the gross amount of the offer. Under such an interpretation, a plaintiff would be faced with the difficult task of deciding whether or not to accept an offer which is sufficient to cover damages but which would not cover attorney's fees. And, are we speaking of attorney's fees to the date of the offer or after trial? It would be virtually impossible for courts to fairly apply the penalty provisions of Rule 68 if the plaintiff ultimately recovered at trial an amount less than the gross offer because the fee award was less than anticipated.

It could be argued that this problem would be alleviated by requiring that the offer be divided into two parts: one offer for damages and one for attorney's fees. We foresee problems with this interpretation as well. As no such offer was made in this case, we decline, however, to explore the relative pros and cons of interpreting Rule 68 to allow for a divided offer.

We recognize that our ruling may discourage Rule 68 offers in some cases since attorney's fees are often a significant portion of the ultimate amount paid by defendants in civil rights actions. However, the parties may still settle, and defendants may receive benefits as to costs accrued subsequent to the Rule 68 offer, even if they must pay all costs, including attorney's fees accrued at the time of the offer.

attorney's fee, under § 1927 from opposing counsel who had unreasonably and vexatiously delayed an employment discrimination lawsuit. We concluded that the attorney's fee could not be recovered under § 1927, because Congress intended that section to include only those costs specified in a corresponding section, 28 U.S.C. § 1920. In this case, by contrast, the entitlement to "costs," including an attorney's fee, arises under Rule 68 of the Federal Rules of Civil Procedure. In approving the Federal Rules, Congress appears to have incorporated the definition of costs found in the substantive

## III.

We now turn to whether the fee petition was untimely under Rule 12(b)(3) [now Rule 13(d)] of the Local Rules of Court, United States District Court, Middle District of Tennessee. That rule provides that a bill of costs must be filed within thirty (30) days from entry of judgment, a deadline which Johnston failed to meet with his fee petition. Additionally, since the District Court characterized the fee petition as "patently untimely," we must review whether a petition filed eight months after judgment is precludable, in the alternative, under the equitable doctrine of laches.

Having concluded that the term "costs" in Rule 68 includes attorney's fees, it might appear that we are required to conclude also that attorney's fees are included in the term "costs" in Local Rule 12(b)(3). There is, however, a critical distinction between Local Rule 12(b)(3), under which costs must be taxed by the clerk of the court, and the federal statute, 28 U.S.C. § 1920, under which costs may be taxed by either a judge or the clerk. Traditionally, only those costs delineated in 28 U.S.C. § 1920 have been recoverable through a bill of costs filed with the clerk of the court. Attorney's fees are not included in the § 1920 list. And, while we have charged Congress with being aware of the Rules of Civil Procedure, we cannot expect it to be familiar with the local rules of every district court. Therefore, absent some clear indication from the drafters of Local Rule 12(b)(3) of an intent to impose a 30-day filing requirement on fee petitions, we decline to so interpret the rule.[9] We find support for this position in *Knighton v. Watkins*, 616 F.2d 795, 798 n. 2

statute at issue in the litigation. Cf. Fed.Rule Civ.Proc. 54(d).

**9.** The District Court in the instant case did not rely on the limitation of the local rule. It acknowledged that the local rules of the court do not specifically treat attorney fee applications. Moreover, another judge of the same court has implicitly held that Local Rule 12(b)(3) does not apply to fee petitions. *Jon A. Jennings v. Metropolitan Government of Nashville and Davidson County, et al.*, No. 78–3267 (M.D.Tenn. June 4, 1982).

(5th Cir.1980), where the Fifth Circuit noted the distinction between costs awarded by the court and costs taxed by the clerk of the court, stating:

2. We are aware that, while Rule 54(d) of the Federal Rules of Civil Procedure permits costs to be taxed by the clerk of court in the first instance, section 1988 allows attorney's fees to be added as part of the costs only in the discretion of the district judge, who must consider the *Johnson* factors before doing so. There will be, therefore, some distinction between the practice governing an award of other costs and that governing an award of attorney's fees under section 1988. We feel, however, that the problem can be handled best by local rule. It need not alter our judgment that motions for attorney's fees are not governed by the strict time limits of Rule 59.

This Circuit cited *Knighton* with approval in *Johnson v. Snyder,* 639 F.2d 316, 317 (6th Cir.1981) (per curiam).

In *White v. New Hampshire Department of Employment Security,* 455 U.S. 445, 454–455 n. 17, 102 S.Ct. 1162, 1167–1168 n. 17, 71 L.Ed.2d 325 (1983), the Supreme Court noted that district courts are free to adopt local rules establishing standards for the timely filing of fee petitions. The *White* Court indicated that the 10-day limit applicable to motions to alter or amend judgments under Fed.R.Civ.P. 59(e) would not be sufficient. *Id.,* at 453, 102 S.Ct. at 1167. It cited with approval, however, the Eighth Circuit decision in *Obin v. District 9, International Association of Machinists and Aerospace Workers,* 651 F.2d 574, 583 (8th Cir.1981) (recommending the adoption of a uniform rule requiring the filing of a claim for attorney's fees within twenty-one (21) days after entry of judgment); and the Fifth Circuit decision in *Knighton, supra,* (stating that practices governing requests for attorney's fees can be handled best by local rule). *Id.,* at 456 n. 16, 102 S.Ct. at 1168 n. 16. *See also Neidhardt v. D.H. Holmes,* 701 F.2d 553, 556 (5th Cir.

1983) (where a desirable local rule was described as one which sets a time limit that permits parties to make an informed motion or arrive at a settlement, and then allows the court to consider frivolous or unreasonable appeals, while preserving the ability of the parties or the appellate court to consolidate the attorney's fees issue with an appeal on the merits). We conclude that although district courts are free to adopt, and in fact are encouraged to adopt, local rules establishing standards for the timely filing of fee petitions, Local Rule 12(b)(3) is not such a rule. Accordingly, the timeliness of Johnston's fee petition is governed only by the equitable doctrine of laches.

 Johnston waited until January 29, 1983—eight months after entry of the original order of the clerk and 52 days after entry of the order of the court—to file his fee petition. The District Court focused upon the eight-month period of delay to conclude that the petition was "patently untimely." This is a finding of fact which we decline to overrule absent a showing of clear error.[10] Delay alone, however, is not sufficient justification for dismissal of a fee petition under the equitable doctrine of laches.

Laches requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) *prejudice to the party asserting the defense.* (emphasis added)

*Costello v. United States,* 365 U.S. 265, 282, 81 S.Ct. 534, 543, 5 L.Ed.2d 551 (1961); *United States v. Weintraub,* 613 F.2d 612, 616 (6th Cir.1979), *cert. denied,* 447 U.S. 905, 100 S.Ct. 2987, 64 L.Ed.2d 854 (1980). Accordingly, we remand this case to the District Court to consider whether appellees changed their position or detrimentally relied upon Johnston's delay in filing. If not, attorney's fees should be awarded appellants' counsel.

The judgment of the District Court is reversed and the action remanded for proceedings not inconsistent with this opinion.

---

10. Johnston argues that 52 days is the period of delay to be focused upon. This argument lacks merit.