**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Appellee,**

v.

**Vernon H. KNUDSEN, Appellant.**

**No. 83–1798.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 8, 1984.

Decided Dec. 2, 1984.

Robert Kohorst, Harlan, Iowa, for appellant.

Marilyn S. Scheer, Des Moines, Iowa, for appellee.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

HEANEY, Circuit Judge.

Vernon H. Knudsen appeals from the district court's entry of summary judgment for Merrill Lynch, Pierce, Fenner & Smith, Inc., in an action on a promissory note. For reversal, Knudsen argues that the district court erred in its calculation of post-judgment interest and attorney's fees, and that estoppel by acquiescence and laches and impossibility of performance bar summary judgment. We affirm in part, and reverse in part.

Knudsen executed a note in February, 1980, promising to pay Merrill Lynch $81,500 in monthly installments. The note provided for reasonable attorney's fees and post-judgment interest at five percent per annum if a debt collection proceeding were initiated. Knudsen made several payments and reduced the principal to $27,970, but in January, 1982, Merrill Lynch declared Knudsen in default and sued on the note for the balance. In October, 1982, Merrill Lynch moved for summary judgment, which Knudsen resisted by arguing estoppel by acquiescence and laches (*i.e.*, Merrill Lynch slept on its rights for two years while farm prices deteriorated), and impossibility of performance (caused by Knudsen's "harrowing slide in income" due to unanticipated government policies). The district court ordered entry of summary judgment for Merrill Lynch on May 10, 1983, but the judgment was not actually filed until March 17, 1984.

This Court dismissed Knudsen's initial appeal from the summary judgment on August 17, 1983, because the district court had not ruled on the attorney's fee issue, and, therefore, no final appealable decision existed. 718 F.2d 1107. Thereafter, the district court awarded reasonable attorney's fees of $2,736 and additional costs of $253.22, with interest of five percent per annum (the contractual rate) from May 12, 1982 to May 11, 1983 (the date of the district court's decision), and thereafter at the rate of 8.98% per annum (the federal statutory rate).

The district court properly fixed post-judgment interest at the rate of 8.98% under 28 U.S.C. § 1961. That statute provides for a floating rate of interest, based on coupon yield of United States Treasury Bills, in "any judgment in a civil case recovered in a district court." 28 U.S.C.A. § 1961(a) (Supp.1983). Diversity actions are not exempted under the statute; therefore, federal, not state law, determines the interest rate in such actions. *United States v. Danielson*, 728 F.2d 1143 (8th Cir.1984); *Weitz Co., Inc. v. Mo-Kan Carpet, Inc.*, 723 F.2d 1382, 1385–86 (8th Cir. 1983). Rule 58 provides that a judgment must be set forth on a separate document and entered on the docket by the clerk. "A judgment is effective only when so set forth and when entered * * *." Fed.R. Civ.P. 58. Moreover, section 1961 provides that the interest runs from the date judgment is entered. However, due to an apparent oversight in the Clerk's Office, judgment was not entered until ten months after the district court decided the case. Nevertheless, since the delay in entry of judgment was not the fault of the prevailing party, we believe that in this particular case equity dictates that we award interest calculated from the date judgment should have been entered. *See Murphy v. Lehigh Valley Railway Co.*, 158 F.2d 481, 485 (2d Cir.1946); *Louisiana & Arkansas Railway Co. v. Pratt*, 142 F.2d 847, 849 (5th Cir.

1944).[1]  Authority to the contrary appears to be distinguishable.  *See, e.g., Millers' National Insurance Co. v. Wichita Flour Mills Co.,* 257 F.2d 93, 104 (10th Cir.1958) (despite a two-year lapse in entry of judgment, interest was calculated from the latter date because trial judge declared his intent that judgment would be entered only when he signed the journal entry); *Browne v. Makin,* 177 F.2d 753, 756–57 (5th Cir. 1949) (interest was calculated from the date judgment was entered because at time of verdict, ascertainment and apportionment of damages depended on the magistrate's forthcoming report).  Interest shall be calculated, therefore, from the date of the judgment rather than the date judgment was entered.

■ In fixing attorney's fees, the district court had two statutory alternatives.  At the time of the contract, Iowa law limited attorney's fees to one percent of a sum greater than $1,000, but the legislature amended the law effective July 1, 1980, to allow a "reasonable attorney's fee to be determined by the court."  Iowa Code Ann. § 625.22 (Supp.1980).  In light of our previous decision in this case, which held that attorney's fees "constitute part of [plaintiff's] contractual claim," *Merrill Lynch, Pierce, Fenner & Smith v. Knudsen,* 718 F.2d 1107 (8th Cir.1983), and in light of the position taken by Merrill Lynch at that time, we decline now to apply the statute retroactively.  To do so would defeat the parties' contractual expectations, ignore the law of the case, *Liddell v. State of Missouri,* 731 F.2d 1294, 1304–05 (8th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 82, 83 L.Ed.2d 30 (1984), and abrogate the parties' contract.  The previous statute, therefore, is the proper measure of attorney's fees.

Knudsen also argues that Merrill Lynch's delayed response to the default and the impossibility of his performance are factual issues which should have precluded summary judgment.  Neither argument has merit.

■ Regarding laches and estoppel, Merrill Lynch's delay in filing suit was slight at best.  They filed suit less than two years after the contract was made, and about five months after Knudsen's last payment.  This suit compares favorably with other Iowa standards of delay which include a ten-year statute of limitations on contract actions, Iowa Code Ann. 614.1(5) (Supp. 1983), and a nineteen-year delay in Iowa's leading laches case, *Davidson v. Van Lengen,* 266 N.W.2d 436 (Iowa 1978) (woman estopped from enforcing support payments after nineteen-year acquiescence in nonpayment).

■ Regarding impossibility of performance, Knudsen has failed to prove that unforeseen economic contingencies altered the essential nature of his performance.  *See Nora Springs Co-op Co. v. Brandau,* 247 N.W.2d 744, 748 (Iowa 1976).

Accordingly, the judgment of the district court is affirmed in part and reversed and remanded in part, consistent with this opinion.

---

**1.** "The real issue lurking behind the proper interpretation of section 1961 is * * * 'who should bear the cost resulting from the loss of the use of money.'  It would be anomalous to read section 1961 so narrowly that the cost of delay in payment is imposed on a successful plaintiff."  *Turner v. Japan Lines, Ltd.,* 702 F.2d 752, 756–57 (9th Cir.1983) (citations and footnotes omitted).  *See generally* 6A Moore's Federal Practice ¶ 58.04[2] n. 16.