**Diane W. OATES and Deborah S. Wogan, Plaintiffs–Appellants,**

v.

**Beverly W. OATES, Defendant–Appellee,**

**Andrew M. Fishman, Former–Defendant.**

No. 88–3188.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 28, 1988.

Decided Jan. 23, 1989.

Raymond L. Eichenberger (argued), Reynoldsburg, Ohio, for plaintiffs-appellants Diane W. Oates and Deborah S. Wogan.

A.C. Strip (argued), Paul W. Leithart, II, Columbus, Ohio, for defendant-appellee Beverly W. Oates.

204

Andrew S. Fishman, Columbus, Ohio, pro se.

Before KENNEDY, GUY and RYAN, Circuit Judges.

KENNEDY, Circuit Judge.

Plaintiffs-appellants, Diane W. Oates and Deborah S. Wogan, appeal the order of the United States District Court for the Southern District of Ohio, Graham, J., denying their motion for attorney's fees. Defendant Beverly W. Oates made an offer of judgment pursuant to Rule 68, Fed.R. Civ.P., for $4,000 plus payment of "all court costs" in this action for damages alleging violations of the wiretapping provisions of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2511 and 2520. Plaintiffs accepted the offer and then sought to recover attorney's fees as a part of court costs. This case turns on the narrow issue of whether the underlying statute in this action, 18 U.S.C. § 2520, defines attorney's fees as a part of "costs." In *Marek v. Chesny*, 473 U.S. 1, 9, 105 S.Ct. 3012, 3016, 87 L.Ed.2d 1 (1985), the Supreme Court held that, "where the underlying statute defines 'costs' to include attorney's fees, ... such fees are to be included as costs for purposes of Rule 68."

Plaintiffs assert that the plain language of subsection 2520(2)(c), which provides for recovery of "a reasonable attorney's fee and other litigation costs reasonably incurred," defines attorney's fees as a part of "costs." Defendant Oates argues for the District Court's analysis of section 2520 taken as a whole, which held that attorney fees under the wiretap statute are part of damages and are not "costs" for purposes of Rule 68. Defendant further argues that his offer to pay "all amounts which plaintiffs may be entitled to recover," taken in conjunction with his offer to pay "all *court costs*," shows an intent to pay only the costs traditionally taxed by the court under 28 U.S.C. § 1920, and not to pay for attorney's fees.

Plaintiffs raise a second issue, arguing that the proper date for entering judgment

was December 8, 1987, when the parties filed their Rule 68 offer and acceptance with the court clerk, rather than on February 2, 1988, when the court resolved the "costs" issue. For the reasons stated below, we affirm the District Court's order denying plaintiffs' motion/application for attorney's fees, but hold that the correct date for entering judgment, *nunc pro tunc*, was December 8, 1987.

I

Plaintiffs Diane Oates and Deborah Wogan filed this action against defendants Beverly Oates and Andrew Fishman, his lawyer, alleging violations of the wiretapping provisions of Title III of the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. §§ 2511 and 2520. Beverly Oates had wiretapped the conversations of his wife, Diane Oates, and Deborah Wogan during the pendency of the Oates' divorce in 1984. Plaintiffs' claim and defendant Oates' cross-claim against defendant Fishman have been settled; thus, this appeal does not include Fishman as a party.

Judge Graham had set a trial date of December 8, 1987. However, by letter dated November 27, 1987, defendant Oates made an Offer of Judgment on the following terms:

This letter shall serve as a formal Offer of Judgment pursuant to Federal Civil Rule 68 on behalf of defendant Beverly W. Oates.

This Offer of Judgment is in the total amount of $4,000.00. This amount covers all amounts which plaintiffs may be entitled to in this action. This is not $4,000.00 to each plaintiff, rather a total of $4,000.00. In addition, defendant Oates shall pay all court costs accrued through November 27, 1987 (of course, it is the intent of defendant Oates to ultimately hold defendant Fishman responsible for the costs).

Plaintiffs accepted this offer on December 7, 1987, and the parties filed their offer and acceptance with the court clerk on December 8. The clerk did not enter judgment, however, because a controversy arose over

whether plaintiffs were entitled to attorney's fees under 18 U.S.C. § 2520(2)(c).[1] The District Court asked plaintiffs to submit a "motion to enter judgment" to enable it to decide whether the Offer of Judgment subsumed attorney's fees in the $4,000 lump sum for damages, or whether the underlying statute, section 2520, defined such fees as "costs." Under *Marek*, if the statutory attorney's fees were defined as part of "costs," then defendant's Offer would have to be read to include "all costs *and attorney's fees* accrued...." On January 11, 1988, plaintiffs filed both a motion to enter judgment and a motion/application for attorney's fees pursuant to 18 U.S.C. § 2520. The District Court granted the former, and denied the latter, in an order dated February 2, 1988.

## II

Rule 68, Fed.R.Civ.P., provides that "a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, *with costs then accrued.*" (Emphasis added.) In *Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), the Supreme Court addressed the circumstances in which the term "costs" as used in Rule 68 includes attorney's fees. The Court noted that although "costs" generally do not include attorney's fees under the "American Rule," in which each party bears its own attorney's fees, Congress has carved out certain exceptions. Examples cited include section 407 of the Communications Act of 1934, 47 U.S.C. § 407 ("a reasonable attorney's fee, to be taxed *as a part of the costs* of the suit") (emphasis added), section 3, subd. 1(p) of the Railway Labor Act, 45 U.S.C.

§ 153, subd. 1(p) (identical language), and section 40 of the Copyright Act of 1909, 17 U.S.C. § 40 ("award ... a reasonable attorney's fee *as part of the costs*") (emphasis added). *Id.* at 8, 105 S.Ct. at 3016.[2]

In light of the above and other exceptions to the American Rule, and given the fact that the drafters of Rule 68 apparently deliberately chose not to define the term, the Supreme Court held that, "absent congressional expressions to the contrary, where the underlying statute defines 'costs' to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68. *See, e.g., Fulps v. Springfield, Tenn.*, 715 F.2d 1088, 1091-95 (6th Cir.1983)." *Id.* at 9, 105 S.Ct. at 3016. (additional citations omitted). Thus, the narrow issue presented to the District Court and this Court is whether the underlying statute in this case, 18 U.S.C. § 2520, defines "costs" to include attorney's fees.

■ Plaintiffs rely heavily on the Supreme Court's "plain language" analysis in *Marek*, 473 U.S. at 11, 105 S.Ct. at 3017. The *Marek* Court, and this Court in *Fulps*, held that 42 U.S.C. § 1988 includes attorney's fees as part of "costs" for purposes of Rule 68. We agree with Judge Graham, however, that the language of the underlying statute in the present case is unlike that of section 1988. Under section 1988, a prevailing party in a section 1983 action may be awarded "a reasonable attorney's fee as part of the costs." The District Court distinguished this language from section 2520, which defines "a reasonable attorney's fee and other litigation costs reasonably incurred" as part of recoverable *damages*, together with actual and punitive damages.[3] Section 2520 provides:

1. The language of Rule 68 does not condition entry of judgment on the resolution of all controversies. It states that "either party may ... file the offer and notice of acceptance ... and thereupon the clerk *shall* enter judgment." (Emphasis added.) Because the entry of judgment under Rule 68 is merely a ministerial function, the clerk should have entered judgment on December 8. *See* Part III *infra*.

2. *See also Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 260-61 & n. 33, 95 S.Ct.

1612, 1623-24 & n. 33, 44 L.Ed.2d 141 (1975), for additional exceptions to the American Rule. Neither the majority in *Marek* nor *Alyeska* cites 18 U.S.C. § 2520 as such an exception.

3. As Justice Brennan notes in his *Marek* dissent, "Congress' use of the word 'costs' in § 1988 had one purpose and one purpose only; to permit an award of attorney's fees against a State notwithstanding the Eleventh Amendment. *See Hutto v. Finney*, 437 U.S. 678, 693-95, 98 S.Ct. 2565, 2574-76, 57 L.Ed.2d 522 (1978); S.Rep.

### § 2520. Recovery of civil damages authorized

Any person whose wire or oral communication is intercepted, disclosed, or used in violation of this chapter shall ... (2) be entitled to recover from any such person—

(a) actual damages ...;

(b) punitive damages; and

(c) a reasonable attorney's fee and other litigation costs reasonably incurred.

18 U.S.C. § 2520. The District Court reasoned that defendant's Rule 68 Offer included "all amounts plaintiffs may be entitled to in this action," and that those amounts, *i.e.*, damages, therefore included (a) actual damages; (b) punitive damages; and (c) reasonable attorney's fees and other litigation costs. The court further noted that defendant's offer to pay *court* costs evinced a clear intent to pay only traditional taxable costs pursuant to 28 U.S.C. § 1920.[4] Thus, because attorney's fees were subsumed under the offer to settle all damages for $4,000, plaintiffs' motion/application for such fees was denied. Of course, a defendant cannot escape an obligation to pay attorney's fees through restrictive wording in an Offer of Judgment when the underlying statute does, in fact, include attorney's fees as an additional component of traditional taxable costs.[5]

Plaintiffs argue that the plain meaning of subsection 2520(2)(c) defines attorney's fees as a part of costs. They invoke a fundamental rule of statutory construction that we must "construe the language of a statute so as to avoid making any word meaningless or superfluous." *Fulps*, 715 F.2d at 1093. Plaintiffs argue that the key word in subsection 2520(2)(c) is "other." They reason that the reference to attorney's fees and *other* costs must mean that such fees are "additional" or "further" costs. We cannot accept plaintiffs' "plain meaning" analysis for four reasons. First, it ignores another fundamental rule of statutory construction that statutory language is to be read in pertinent context rather than in isolation. *See* N. Singer, Sutherland Stat. Const. § 47.02, at 119 (4th ed. 1984). In this case, the pertinent context is the entire section, and not just subsection 2520(2)(c). The plain language of section 2520 *taken as a whole* defines attorney's fees as recoverable *damages*. The official heading is "recovery of civil *damages* authorized"[6]; the statute should therefore be read, "[A person who has been wiretapped] shall ... be entitled to recover [as *damages*] from any such person ... a reason-

---

No. 94–1011, at 5; H.R.Rep. No. 94–1558, at 7." While the Eleventh Amendment immunity applies to *damages*, "[c]osts have traditionally been awarded without regard for the States' Eleventh Amendment immunity." *Hutto*, 437 U.S. at 695, 98 S.Ct. at 2576. Congress is thus well aware of the importance of distinguishing between "costs" and "damages" when its purpose is to impose liability on the States. It made no attempt to make such a distinction with respect to section 2520(c); rather, it defined attorney's fees under the general rubric of "damages." *See infra.*

**4.** 28 U.S.C. § 1920 provides:

**Taxation of Costs**

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter ...;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

**5.** The restrictive wording is helpful in discerning a defendant's intent to limit his offer only to those costs required to be paid under Rule 68, but will not obviate an obligation to pay such fees if the underlying statute is held to define attorney's fees as "costs" for purposes of Rule 68. As the Supreme Court explained in *Marek*, "it is immaterial whether the offer recites that costs are included, whether it specifies the amount the defendant is allowing for costs, or, for that matter, whether it refers to costs at all." 473 U.S. at 6, 105 S.Ct. at 3015.

**6.** N. Singer, Sutherland Stat. Const. § 47.14, at 151 ("Where headings are enacted as a part of an act, or as part of a code, or where the meaning of the act is ambiguous, ... the headings may serve as an aid to legislative intent.").

able attorney's fee." In contrast, Congress expressed an unambiguous intent in 42 U.S.C. § 1988 to award attorney's fees "as part of costs"; *i.e.*, as an additional component of the traditional costs taxed by the court pursuant to 28 U.S.C. § 1920. The interpretation of 42 U.S.C. § 1988 in *Marek* and *Fulps* rested on a fundamentally different statute which did not define attorney's fees within the context of damages.

A second difficulty with plaintiffs' plain meaning analysis is that their interpretation itself makes several words meaningless or superfluous. Their interpretation shortens "litigation costs reasonably incurred" to "costs." This would make "reasonably incurred" superfluous, since all taxable court costs are necessarily incurred and are *per se* reasonable—the amounts in 28 U.S.C. § 1920 are fixed either by statute or by court rules. If Congress had intended to add attorney's fees and litigation costs as a component of traditional costs with respect to section 2520, it could have adopted the simple, straightforward language of section 1988, "as a part of costs." Instead, it modified the term "costs," and placed the entire phrase under the rubric of damages. Section 1988 contains neither modifying language (*e.g.*, "litigation costs reasonably incurred") nor does it define "costs" in the context of damages.

Third, there is at least some legislative history to Title III of the Omnibus Crime Control and Safe Streets Act that Congress intended attorney's fees to be defined as damages under section 2520. In the Senate Report, the Committee on the Judiciary explained that, "Provision must be made for civil recourse to *damages.*" S.Rep. No. 1097, 90th Cong., 2d Sess., *reprinted in* 1968 U.S.Code Cong. & Ad.News 2112, 2156 (emphasis added). Likewise, the detailed analysis of section 2520 states that "the new chapter authorizes the recovery of civil damages.... The scope of the remedy is intended to be both comprehensive and exclusive...." *Id.* at 2196. This description of section 2520 in the history lends support to the position that "recovery" refers to damages, and that Congress

did not intend to add attorney's fees as an additional component of costs.

Finally, plaintiffs rely heavily on the categorization by Justice Brennan in his *Marek* dissent of 119 statutes into three categories: (A) statutes that refer to attorney's fees "as part of the costs"; (B) statutes that do not refer to attorney's fees as part of the costs; and (C) ambiguous statutes. 473 U.S. at 43–51, 105 S.Ct. at 3034–3038. Justice Brennan specifically refers to the language of section 2520 as an example of "costs":

> As the Appendix to this dissent illustrates, Congress has employed a variety of slightly different wordings in these statutes. It sometimes has referred to the awarding of "attorney's fees *as part of* the costs," to "costs *including* attorney's fees," and to "attorney's fees and *other* litigation costs." Under the "plain language" approach of today's decision, Rule 68 will operate to *include* the potential loss of otherwise recoverable attorney's fees as an incentive to settlement in litigation under these statutes.

*Marek*, 473 U.S. at 23, 105 S.Ct. at 3024 (Brennan, J., dissenting). If the appendix were a part of the *majority* opinion, we would feel bound by it. However, the majority did *not* cite section 2520, or a statute with similar language, as equating attorney's fees and "costs" for purposes of Rule 68.[7] In addition, Justice Brennan's categorization of section 2520 would be more persuasive were we to interpret the language of subsection 2520(2)(c) in isolation. Taken in context, however, attorney's fees and litigation costs are defined as a part of damages, rather than as an additional component of costs. We do, however, remain sympathetic to Justice Brennan's perceptive observation that the majority opinion results in "schizophrenic construction," 473 U.S. at 22, 105 S.Ct. at 3023, "depend[ant] on minor variations in the phraseology of the underlying fees-award statutes." 473 U.S. at 23, 105 S.Ct. at 3024.

■ Although we agree with the District Court's interpretation, section 2520 never-

---

7. *See* note 2, *supra.*

theless presents a close question as to whether Congress intended to make attorney's fees an additional component of costs or of damages. We believe that, as a policy matter, the American Rule should be applied unless the underlying statute clearly defines attorney's fees as an additional component of traditional "costs," as it did in 42 U.S.C. § 1988 and in the statutes cited by the majority in *Marek. See* 473 U.S. at 8, 105 S.Ct. at 3016. Our position is in accord with the majority's observation that these are *"exceptions* to the American Rule." 473 U.S. at 8, 105 S.Ct. at 3016 (emphasis added). This does not cut against *Marek*'s holding that, *"absent congressional expressions to the contrary, where the underlying statute defines 'costs' to include attorney's fees, . . . such fees are to be included as costs for purposes of Rule 68."* 473 U.S. at 9, 105 S.Ct. at 3016 (emphasis added). In this case, the statute speaks of "costs," but the term is modified as "litigation costs *reasonably incurred."* Moreover, these costs are discussed in the context of damages. In the absence of unambiguous statutory language defining attorney's fees as an additional component of costs, and a clear expression by Congress of an intent to carve out an exception to the American Rule, we hold that attorney's fees are not "costs" for purposes of Rule 68.

### III

■ Plaintiffs' second claim is that the proper date for entering judgment was December 8, 1987, when the offer and acceptance were filed by the parties, rather than on February 2, 1988, when the court decided the "costs" issue. Plaintiffs' purpose is to collect postjudgment interest on the $4,000 Offer of Judgment pursuant to 28 U.S.C. § 1961(a), which provides that "interest shall be calculated from the date of entry of the judgment" at the prevailing Treasury bill rate. Plaintiffs have calculated the amount from December 8, 1987 to February 2, 1988 as $47.88 at the T-bill rate.

We agree with plaintiffs that the clerk was required to enter judgment as of December 8, 1987. The clerk refused to enter judgment because the parties had not resolved their dispute on whether "costs" included attorney's fees. However, Rule 68 does not condition entry of judgment on the resolution of all issues. It explicitly states, "the clerk *shall* enter judgment." (Emphasis added.) Because the court clerk failed to perform the ministerial act of entering judgment, the court should have entered judgment *nunc pro tunc.*[8] Although neither the parties nor this Court have found any case directly on this point with respect to Rule 68, its language essentially parallels the ministerial language of Rule 58, Fed.R.Civ.P.[9] The Fifth Circuit has noted that entry of judgment *nunc pro tunc* is appropriate in such cases. *See Kirtland v. J. Ray McDermott & Co.,* 568 F.2d 1166, 1169 & n. 5 (5th Cir.1978). *Cf. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Knudsen,* 749 F.2d 496, 497 (8th Cir.1984) (because of clerk's failure to enter judgment for ten months due to oversight, "equity dictates that we award interest from the date judgment should have been entered"); *Bailey v. Chattem, Inc.,* 838 F.2d 149, 153 (6th Cir.1988) (under "equity of the statute" approach, "postjudgment interest can accrue from an event other than the final judgment entered by the district court"). Plaintiffs are not entitled to any interest subsequent to the date defendant Oates deposited the $4,000 Offer of Judgment with the court. *See Atlin v. Security–Connecticut Life Ins. Co.,* 788 F.2d 139, 142 (3d Cir.1986).

Our holding on the correct date to enter judgment in no way implies that the District Court did not play a proper role in

---

**8.** "Nunc pro tunc" is translated from Latin as "now for then." The term "signifies that there is to be a relation back to a designated past date and that the judgment and/or entry are to be given certain anterior effects." 6A Moore's Federal Practice § 56.08 (2d ed. 1987).

**9.** Rule 58 states in pertinent part that, "upon a decision by the court . . . the clerk, unless the court otherwise orders, *shall* . . . enter the judgment without awaiting any direction by the court. . . ." The language of Rule 68 is even more ministerial. It does not condition entry of judgment upon *any* direction by the court.

deciding whether, as a matter of law, "costs" included attorney's fees. Although plaintiffs argue that they did not know the subjective intentions of defendant Oates, Plaintiffs' Brief at 3, they chose not to disavow the agreement on the basis of mistake, but instead filed motions to enter judgment and for attorney's fees.[10] The motion for attorney's fees was properly considered by the District Court, and only the date of entering the judgment was extrajudicial.

For the reasons discussed above, the order of the District Court denying attorney's fees is AFFIRMED. The entry of judgment as of February 2, 1988 is REMANDED for entry *nunc pro tunc* as of December 8, 1987, and for calculation of post-judgment interest consistent with this opinion.

RYAN, Circuit Judge, concurs in the judgment only.

**10.** *Cf. Radecki v. Amoco Oil Co.,* 858 F.2d 397 (8th Cir.1988) (Rule 68 Offer of Judgment decided on application of contract principles of offer and acceptance, focusing on parties' intent).