**SULLIVAN COUNTY, TENNESSEE, Plaintiff–Appellee,**

v.

**The HOME INDEMNITY COMPANY, Defendant–Appellant.**

No. 90–5375.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 27, 1990.

Decided Feb. 4, 1991.

David W. Blankenship (argued), Kingsport, Tenn., for plaintiff-appellee.

Nathaniel R. Coleman, Jr., Gene P. Gaby (argued), Milligan, Coleman, Fletcher, Gaber & Kilday, Greenville, Tenn., for defendant-appellant.

Before NELSON, Circuit Judge, and PECK and LIVELY, Senior Circuit Judges.

DAVID A. NELSON, Circuit Judge.

The question presented in this diversity case is whether attorney fees allowed "as part of the costs" under 42 U.S.C. § 1988 were in fact "damages" within the meaning of the latter term as used in a certain insurance policy. The trial court answered yes; we think the correct answer is no.

**I**

Defendant-appellant Home Indemnity Co. issued an errors and omissions policy to plaintiff-appellee Sullivan County, Tennessee. The policy provided that Home Indemnity would "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages...." A standard-form "Supplementary Payments" provision that would have obligated Home Indemnity to pay, in addition, "all costs taxed against the insured" was made inapplicable by the incorporation in the policy of an endorsement saying "Supplementary Payments do not apply to insurance afforded by this coverage part."

During a time when the policy was in force, Sullivan County was sued in federal court under 42 U.S.C. § 1983 by a prisoner who challenged the constitutionality of the conditions of his confinement in the Sullivan County Jail. The prisoner did not seek an award of damages, as such, but he did seek—and obtain—injunctive and declaratory relief. He also sought attorney fees. Finding that the prisoner and the class he

represented were "prevailing" parties within the meaning of 42 U.S.C. § 1988, the court awarded them attorney fees of $41,496.64.

Section 1988 provides that "[i]n any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." Taking the position that attorney fees allowed under § 1988 were necessarily allowed "as part of the costs," and that "costs" were not "sums which the insured [had] become legally obligated to pay as damages," Home Indemnity refused to pay the attorney fee award. Sullivan County brought suit on the policy. The case went to trial, and Home Indemnity was ordered to pay $41,496.64 in satisfaction of the attorney fee award. This appeal followed.

## II

In providing for the allowance of attorney fees "as part of the costs," § 1988 takes a distinctly different tack than statutes that have been construed as authorizing the inclusion of attorney fees in recoverable "damages." In connection with the attorney fee provisions of 18 U.S.C. § 2520, for example, a statute that authorizes the recovery of civil damages for wiretapping, we have said that the plain language of § 2520 "defines attorney's fees as recoverable *damages*." *Oates v. Oates*, 866 F.2d 203, 206 (6th Cir.), *cert. denied*, 490 U.S. 1109, 109 S.Ct. 3163, 104 L.Ed.2d 1025 (1989) (emphasis in original). "In contrast," we went on to say in *Oates*, "Congress expressed an unambiguous intent in 42 U.S.C. § 1988 to award attorney's fees 'as part of costs'; *i.e.*, as an additional component of the traditional costs taxed by the court pursuant to 28 U.S.C. § 1920." *Id.* at 207.

In the language of the law, as *Oates* suggests, there is a clear distinction between "costs" and "damages." Congress is free to put attorney fees in either category, of course, but when an act of Congress unambiguously assigns such fees to one category, the courts are not free to pretend

that Congress has assigned them to the other.

In drafting § 1988 as it did, Congress had a perfectly intelligible reason for treating attorney fees as "costs": to ensure that attorney fees could be awarded against a state notwithstanding the Eleventh Amendment, which bars the award of *damages* against a state. *Oates*, 866 F.2d at 205 n. 3 (citing Justice Brennan's dissent in *Marek v. Chesny*, 473 U.S. 1, 30 n. 42, 105 S.Ct. 3012, 3028 n. 42, 87 L.Ed.2d 1 (1985)). "Congress," as the *Oates* footnote explains, "is thus well aware of the importance of distinguishing between 'costs' and 'damages' when its purpose is to impose liability on the States." *Id.*

This is not to say, of course, that the drafters of insurance policies are obliged to preserve the distinction. An insurance policy can obviously use the word "damages" to mean anything the policy says it means, including costs taxed by the court. The insurance policy at issue here, however, contains internal evidence demonstrating very persuasively that this particular policy used "damages" only in its conventional sense. As we have seen, the policy as originally published included a Supplementary Payments provision making "costs taxed against the insured" recoverable in addition to "damages." If "damages" had been used originally in a sense that already included costs, the quoted portion of the Supplementary Payments provision would have been totally unnecessary—and nothing in the language of the endorsement making that provision inapplicable ("Supplementary Payments do not apply to insurance afforded by this coverage part") suggests an intent to change the meaning of "damages."

The Supplementary Payments provision and the endorsement limiting its application distinguish the case at bar from *City of Ypsilanti v. Appalachian Ins. Co.*, 547 F.Supp. 823 (E.D.Mich.1982), *aff'd by unpublished opinion, see* 725 F.2d 682 (6th Cir.1983). *Ypsilanti* also involved a policy that obligated the insurer to pay all sums which the "insured shall become legally obligated to pay as damages...." 547

**154**

F.Supp. at 824. The *Ypsilanti* policy, however, unlike the policy at issue here, contained a Supplementary Payments provision which, as the district court found, covered all the expense of carrying on the defense of the underlying lawsuit except for costs taxed by the court. The *Ypsilanti* Supplementary Payments provision, moreover, was not the subject of an endorsement making the provision inapplicable to the errors and omissions coverage. On those facts, and applying the principle that ambiguities in a liability insurance policy are to be resolved against the insurer, the *Ypsilanti* court construed the word "damages" as including attorney fees allowed in the underlying suit. For the reasons stated above, we do not believe that a corresponding construction would be warranted in the case at bar.

In *Ypsilanti*, moreover, neither the district court nor this court, in its unpublished affirmance, made any reference to the language of 42 U.S.C. § 1988. Examination of the appellate briefs filed in *Ypsilanti* discloses that the insurance company simply did not argue the statutory language on appeal. Had the attention of the panel that affirmed *Ypsilanti* been directed to the statutory language, we presume the panel would have recognized—as did the *Oates* panel—that it was Congress' "unambiguous intent" in § 1988 to award attorney fees "as an additional component of the traditional costs taxed by the court...." *Oates*, 866 F.2d at 207. Whether that intent should have affected the result in *Ypsilanti* is a question we do not reach, given the differences between the *Ypsilanti* policy and the policy before us in the present appeal.

The judgment is REVERSED, and the case is REMANDED for entry of judgment in favor of the defendant.