NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0903n.06

Case No. 14-5492

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Dec 08, 2014
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| GABRIEL SEGOVIA, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE MIDDLE DISTRICT OF |
| MONTGOMERY COUNTY, TENNESSEE, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellee. | ) | |

_____/

**Before: MERRITT, WHITE, and DONALD, Circuit Judges.**

**PER CURIAM.** This case asks us to decide whether the district court abused its discretion by reducing Plaintiff's award of attorney's fees and costs based on his counsel's false documentation of hours spent on the case. In 2013, a jury awarded Plaintiff Gabriel Segovia back pay in an action against his government employer after it took adverse action against him for exercising his First Amendment rights. As the prevailing party, Plaintiff moved for an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 54(d)(2). After an evidentiary hearing, the district court granted the motion but reduced Plaintiff's request for attorney's fees by 75% based upon admissions that his attorney had billed far more time than actually worked and for several services not actually provided. The district court also reduced the costs requested to an amount reflected by the documentation provided.

For the reasons set forth below, we hold that the district court did not abuse its discretion and AFFIRM.

## I.     Factual Background

Plaintiff Gabriel Segovia originally filed this lawsuit in March 2010. Of his five separate claims for relief, only the First Amendment retaliation claim survived to trial—all others were dismissed at summary judgment by order entered in March 2011. In July 2013, following a two-day trial, a jury returned a verdict in Plaintiff's favor and awarded him $79,382.81 in back pay only. Notably, the jury declined to award any other compensatory damages. Plaintiff subsequently filed a "Motion for Attorney's Fees and Costs Pursuant to 42 U.S.C. § 1988 and FRCP 54(d)(2)," seeking recovery of $198,514.00 in attorney's fees and $4,066.70 in costs. In support thereof, Plaintiff submitted the affidavit of his counsel, Robert J. Martin, who asserted that he had expended 619.6 hours of work at the rate of $350.00 per hour.

Defendant filed a response in opposition, arguing that both the hourly fee and hours claimed were excessive. The district court set an evidentiary hearing and ordered that counsel bring all client files to the hearing.

At the hearing the district court, after lengthy questioning, found Mr. Martin's billing to be highly inaccurate and grossly exaggerated. Martin admitted charging .4 or .5 hours minimum for activities such as reviewing a one-line letter or scheduling order. According to the district court, such entries would have taken seven minutes a word to review a one-sentence order. This admission was thus inconsistent with Martin's affidavit, which swore that "[t]he time reflected on this bill is an accurate indication of time devoted to this matter." Moreover, Martin admitted to the court that he had billed for activities his paralegal performed.

After receiving heavy criticism from the district court, Martin filed a supplemental motion adjusting the itemized billing statement to reflect his "actual" time spent prosecuting the case. Martin's revised statement reduced the number of hours spent on "receipt and review" of certain documents and on correspondence with his client and opposing counsel, for a total fee of $163,699.00 and $4,066.70 in costs.

Defendant again objected to both the hours and hourly rate Martin sought and challenged a number of Martin's entries, including 39.3 hours preparing to file the complaint, 63.2 hours responding to Defendant's motion for summary judgment, and 133 hours for "Trial Preparation." Regarding trial preparation, Defendant argued:

> Given that the testimony presented in Plaintiff's case-in-chief consisted of Plaintiff and three (3) witnesses for a total of less than half a day, more than three whole weeks of "Trial Preparation" appears excessive. With regard to counsel's preparation for the cross-examination of defense witnesses, there were no depositions to review given that Plaintiff did not depose one defense witness. . . .
>
> Defendant does not intend to discount the fact that counsel is an experienced trial attorney; instead, Defendant objects to the number of hours billed by an expert in the field for common litigation tasks like drafting and responding to discovery requests. An expert can justify a higher billable rate because he can complete tasks that require substantial skill more efficiently than someone who is not an expert in the field. . . .
>
> Defendant submits that there should be a downward deviation . . . of at least 50% of counsel's requested fee.

Plaintiff's reply to Defendant's objections did not address any of the specific objections listed above.

## Award of Attorney's Fees Under 42 U.S.C. § 1988

The district court awarded Plaintiff $40,318.63 in attorney's fees—a 75% reduction of the amount requested. Even with Martin's revised billing statement, the district court determined that substantial reduction was proper based upon its "personal observations of counsel during the

course of this litigation, the prior hearing on attorneys' fees during which counsel made numerous admissions about the inaccuracy (to put it kindly) of his original application, [and] a thorough review of the information and supporting documents before the Court."

### Award of Costs Under 42 U.S.C. § 1988

In support of his motion for an award of costs, Martin submitted an itemization of expenses, including costs for legal research, filing fees, and a single deposition transcript. The district court found that Martin provided adequate documentation for certain expenses allowable under 42 U.S.C. § 1988, including mileage, parking, and a single photocopy receipt from a FedEx Office. Although Martin had originally requested $4,066.70 in costs, the court found that the documentation provided was legally insufficient to support such an amount and reduced the award to $438.45—an amount reflected by the documentation Martin provided.

### Denial of Costs Under 28 U.S.C. § 1920

The district court also declined to award any costs under 28 U.S.C. § 1920, which provides for awards including docket fees and expenses for investigation, depositions, and witnesses.[1] The court found that Martin had failed to comply with Local Rule 54.01 for the Middle District of Tennessee, which requires that a "Bill of Costs" with supporting documentation be submitted to the Clerk of Court within thirty days from the entry of judgment. Rather, Martin had filed a "Motion to Allow Bill of Costs" thirty-nine days after the entry of judgment. Thus, the district court found this request untimely and denied an award of any costs under this section.

---

[1] Costs pursuant to § 1920 encompass those awarded under Federal Rule of Civil Procedure 54(d), which provides for an award of costs, other than attorney's fees, to prevailing parties.

## II.  Standard of Review

A trial court has wide discretion in making equitable judgments regarding an award of attorney's fees under 42 U.S.C. § 1988. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). A trial court's fee award is entitled to substantial deference due to its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Garner v. Cuyahoga Cnty. Juvenile Court*, 554 F.3d 624, 634 (6th Cir. 2009) (citation and internal quotation marks omitted). Accordingly, an appellate court reviews for an abuse of discretion an award of attorney's fees, *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 302 (6th Cir. 2008), and an award of costs under § 1988, *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 827 (6th Cir. 2013) (citations omitted).

## III.  Analysis

### A.  *Attorney's Fees*

A party seeking an award of attorney's fees under § 1988[2] has the burden of proving the basic time/rate elements of a reasonable fee. *Hensley*, 461 U.S. at 437. To meet this burden, the fee petitioner must "submit evidence supporting the hours worked and rates claimed." *Id.* at 433. The fee applicant should exercise "billing judgment" with respect to hours worked. *Id.* at 437.

The district court has great leeway in awarding attorney's fees under § 1988. After the initial lodestar calculation, a district court has discretion to adjust the award based on "relevant

---

[2] Section 1988 provides in pertinent part:

(b) Attorney's fees

In any action or proceeding to enforce a provision of section[] . . . 1983 . . . , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . .

considerations peculiar to the subject litigation." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d

343, 349 (6th Cir. 2000) (citation omitted). As this Court has previously noted:

> The district court . . . should exclude from this initial fee calculation hours that
> were not "reasonably expended." This means that "[c]ounsel for the prevailing
> party should make a good faith effort to exclude from a fee request hours that are
> excessive, redundant, or otherwise unnecessary," and thus "[h]ours that are not
> properly billed to one's client are not properly billed to one's adversary pursuant
> to statutory authority."

*Bitna B. ex rel. S.A. v. Gordon*, 710 F.3d 608, 628 (6th Cir. 2013) (citations omitted). The

factors which a district court may consider, either in determining the basic lodestar fee and/or

making adjustments thereto, include the twelve listed in *Johnson v. Georgia Highway Express,*

*Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).[3]

In its memorandum opinion, the district court properly calculated Martin's requested

attorney's fee by applying the "lodestar" method from *Hensley*, which also provides that

"[w]here the documentation of hours is inadequate, the district court may reduce the award

accordingly." 461 U.S. at 433. The district court set forth the basis for the reduction of Martin's

fee as follows:

> The Court has considered the [*Johnson*] factors and concludes a substantial
> reduction is proper in this case. Based on the Court's personal observations of
> counsel during the course of this litigation, the prior hearing on attorneys' fees
> during which counsel made numerous admissions about the inaccuracy (to put it
> kindly) of his original application, a thorough review of the information and

---

[3] These factors, which are now part of the settled law of the lodestar analysis under both United States Supreme Court and Sixth Circuit precedent, include:

> (1) [T]he time and labor required; (2) the novelty and difficulty of the questions; (3) the skill
> requisite to perform the legal service properly; (4) the preclusion of other employment by the
> attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or
> contingent; (7) time limitations imposed by the client or other circumstances; (8) the amount
> involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10)
> the "undesirability" of the case; (11) the nature and length of the professional relationship with the
> client; and (12) awards in similar cases.

*Blanchard v. Bergeron*, 489 U.S. 87, 91 n.5 (1989) (citation omitted); *Hensley*, 461 U.S. at 430 n.3, 434 n.9 (citations omitted); *Reed v. Rhodes*, 179 F.3d 453, 471 n.3 (6th Cir. 1999).

supporting documents before the Court, and in conjunction with an analysis of the aforementioned lodestar factors, the Court finds that the total number of hours for Martin will be reduced by 75%, which results in a fee award of $40,318.63.

After reviewing the record and the district court's opinion, we cannot say that Martin acted responsibly when submitting his petition for attorney's fees, nor can we say that his requested fees were reasonable. The court articulated valid reasons for its determination that a substantial fee reduction was warranted. We agree with the district court that an attorney with Martin's years of experience should not bill minimum increments of .4 hours regardless of the actual amount of time expended. Even Martin's "revised" billing statement contains numerous entries that seem excessive at best, given Martin's level of experience. The district court did not err by substantially reducing the attorney-fee award. The district court did not rely upon clearly erroneous factual findings, apply the law improperly, or use an erroneous legal standard.

### B. Costs

There are two separate sources of authority for an award of out-of-pocket litigation expenses. *Northcross v. Bd. of Ed. of Memphis City Schs.*, 611 F.2d 624, 639 (6th Cir. 1979). One is included in the concept of attorney's fees under 42 U.S.C. § 1988, which awards costs for "incidental and necessary expenses incurred in furnishing effective and competent representation." *Id.* (citations omitted). Other litigation costs may be awarded under 28 U.S.C. § 1920, including "docket fees, investigation expenses, deposition expenses, witness expenses, and the costs of charts and maps." *Id.*; *see also Sullivan Cnty., Tenn. v. Home Indem. Co.*, 925 F.2d 152, 153 (6th Cir. 1991) ("Congress expressed an unambiguous intent in 42 U.S.C. § 1988 to award attorney's fees 'as part of costs'; i.e., as an additional component of the traditional costs taxed by the court pursuant to 28 U.S.C. § 1920.") (quoting *Oates v. Oates*, 866 F.2d 203, 207 (6th Cir. 1989)).

On appeal, Plaintiff alleges that the district court abused its discretion by reducing the award of costs under § 1988. We disagree.

### 1.    Award of Costs Under 42 U.S.C. § 1988

An attorney's fee under § 1988 includes those expenses that are incurred in order for the attorney to render legal services and that would normally be charged to a fee-paying client, including "[r]easonable photocopying, paralegal expenses, and travel and telephone costs." *Northcross*, 611 F.2d at 639. An award of costs under this section, however, does not include those that would normally be paid to a third party. *Id.*

Plaintiff's initial motion seeking an award of $4,066.70 in costs was titled "Motion for Attorney's Fees and Costs Pursuant to 42 U.S.C. § 1988 and Rule 54(d)(2)." The attached itemization of costs listed expenses for legal research, filing fees, and Plaintiff's deposition transcript. Plaintiff did not include any documentation offering proof of these costs in his initial motion. Rather, Plaintiff's revised billing statement—submitted after the district court's hearing —included a handful of receipts totaling $115.45. Accordingly, the district court reduced the award of costs to $438.45, the amount reflected by Martin's belatedly-provided documentation of photocopying, mileage, and parking expenses.

We agree with the district court that Martin's inadequate documentation fails to provide sufficient justification for an award of any other expense recoverable under § 1988.

### 2.    Denial of Costs Under 28 U.S.C. § 1920

Plaintiff's motion also sought certain costs under § 1988 that are recoverable only under 28 U.S.C. § 1920.[4] Costs pursuant to § 1920 encompass those awarded under Federal Rule of

---

[4] Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:

Civil Procedure 54(d), which provides, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—<u>other than attorney's fees</u>—should be allowed to the prevailing party. *See* Fed. R. Civ. P. 54(d) (emphasis added). "These include those costs incurred by a party to be paid to a third party, not the attorney for the case, which cannot reasonably be considered to be attorney's fees." *Northcross*, 611 F.2d at 639. Expenses "payable to a third party" include docket fees, investigation expenses, deposition expenses, witness expenses, and the costs of charts and maps. *Id.* Such costs have long been recoverable under § 1920 in the court's discretion. *Id.* However, while Rule 54(d) creates a presumption in favor of an award of such costs, a court's discretion to award costs is also limited by the statutory definition of costs in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons*, 482 U.S. 437, 441–42 (1987). As a result, there is a presumption that those costs not expressly authorized by § 1920 are precluded. *Id.* at 445.

While it is possible that certain itemized costs, including the single deposition transcript, might ordinarily be awardable under § 1920, the district court did not abuse its discretion in denying an award based on Martin's failure to comply with Local Rule 54.01, which requires a prevailing party to submit a "Bill of Costs" with supporting documentation to the Clerk of Court within thirty days of the entry of judgment. Martin filed a "Motion to Allow Bill of Costs" thirty-nine days after the entry of judgment.

---

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

We hold that the district court did not abuse its discretion in finding that Plaintiff failed to comply with the court's local rules, and therefore affirm the denial of costs under 28 U.S.C. § 1920.

### IV.    Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.