Kenneth **DAVID**

v.

**AM INTERNATIONAL.**

**Civ. A. No. 89–5761.**

United States District Court, E.D. Pennsylvania.

May 24, 1990.

Patricia V. Pierce, Philadelphia, Pa., for plaintiff.

Jeffrey D. Hofferman, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

### VAN ANTWERPEN, District Judge.

This matter comes before the Court on plaintiff counsel's motion for counsel fees and costs pursuant to 42 U.S.C. § 1988 and Fed.R.Civ.P. 68. Defendant's counsel opposes the fee petition and has also filed a motion for relief from judgment, pursuant to Fed.R.Civ.P. 60, claiming that a settlement agreed to by the parties precludes the Court from awarding counsel fees. The history of this matter is straightforward.

Plaintiff Kenneth David brought this suit claiming that his discharge by defendant on November 23, 1987 violated his federal rights. Plaintiff filed complaints with the Pennsylvania Human Relations Commission and the Equal Employment Opportunity Commission ("EEOC"). On May 31, 1989, plaintiff received notice from the EEOC of his right to sue.

Plaintiff filed suit in 1989 based upon the Equal Employment Opportunity Act, 42 U.S.C. § 2000e, and the Civil Rights Act of 1870, 42 U.S.C. § 1981. The matter was listed by the Court in the trial pool. The Court held a pretrial-settlement conference on April 25, 1990. With the permission of both counsel, the Court briefly questioned both counsel about the possibility of settlement, however, no agreement was reached and the matter was scheduled for a jury trial in the week of May 7, 1990.

Prior to trial, pursuant to Fed.R.Civ.P. 68, defendant's counsel communicated and filed the following offer on May 1, 1990:

## OFFER OF JUDGMENT

Pursuant to Rule 68 of the Federal Rules of Civil Procedure, AM International hereby makes an Offer of Judgment to the plaintiff in the amount of $27,000.00. Plaintiff has ten (10) days after service of this offer to accept the offer, otherwise it shall be deemed withdrawn and evidence thereof is not admissable [sic] except in a proceeding to determine costs. If the Judgment finally obtained by the plaintiff, if any, is not more favorable than the offer, plaintiff shall pay the costs to defendant incurred after the making of the offer.

/s/ Attorney for Defendant

That same day, plaintiff's counsel responded as follows:

## ACCEPTANCE OF JUDGMENT OFFER

Pursuant to Rule 68 of the Federal Rules of Civil Procedure, plaintiff, Kenneth David, hereby accepts Defendant AM International's Offer of Judgment in the amount of $27,000.00. By operation of Rule plaintiff is entitled to costs accrued, including reasonable attorneys fees as of the date of the Offer of Judgment. A petition for attorneys fees and costs will follow the filing of this acceptance.

/s/ Attorney for Plaintiff

Upon learning that the matter was settled, the Court listed other matters for trial

the week of May 7, 1990. Defendant's counsel made no response to plaintiff's acceptance until plaintiff's counsel filed a detailed fee petition seeking the following fees:

| Costs and Expenses | $ 3,675.32 |
| Paralegal Fees | $ 3,716.25 |
| Counsel Fees | $30,955.00 |
| TOTAL | $38,346.57 |

Defendant's counsel then responded by filing motions on May 18, 1990 opposing the amount of the petition and claiming that he had intended the May 1, 1990 offer to be in full settlement of all claims, including damages, fees and costs. Defendant's counsel now claims this in spite of his failure to expressly say so in the terms of the written offer. The Court held oral argument on all pending motions on May 23, 1990.

It was stated on the record by plaintiff's counsel at oral argument of the motions on May 23, 1990 and set forth in a sworn affidavit of May 21, 1990, that, except for the May 1, 1990 written offer, no offer or terms were directly or indirectly communicated by defendant's counsel to plaintiff's counsel at any time prior to, during, or after the settlement conference. Defendant's counsel was unable to state or point to anything to the contrary at oral argument and has filed no affidavit to counter that filed by plaintiff's counsel. The Court has no independent recollection of any of the details of the April 25, 1990 conference and we choose to accept plaintiff's version in the absence of any counter affidavit from the defense. The plaintiff's version makes sense because we would not have listed the matter for trial if a settlement was reached at that time.

*The Scope of the Settlement*

■ Fed.R.Civ.P. 68 reads in relevant part, as follows:

### Rule 68.  Offer of Judgment

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, *with costs then accrued.* If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. (Emphasis supplied).

The United States Supreme Court has made the meaning of the above quoted language very clear in *Marek v. Chesny,* 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1984). The Court said, at page 6, 105 S.Ct. at page 3015:

... the drafters' concern was not so much with the particular components of offers, but with the *judgments* to be allowed against defendants. If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion, see *Delta Air Lines, Inc. v. August, supra* [450 U.S. 346] at 362, 365 [101 S.Ct. 1146, 1153, 1156, 67 L.Ed.2d 287 (1981) ] (POWELL, J., concurring), it determines to be sufficient to cover the costs. In either case, however, the offer has *allowed* judgment to be entered against the defendant both for damages caused by the challenged conduct and for costs. Accordingly, it is immaterial whether the offer recites that costs are included, whether it specifies the amount the defendant is allowing for costs, or, for that matter, whether it refers to costs at all. As long as the offer does not implicitly or explicitly provide that the judgment *not* include costs, a timely offer will be valid.

.    .    .    .    .

... the most reasonable inference is that the term "costs" in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority. In other words, all costs properly awardable in an action are

to be considered within the scope of Rule 68 "costs". Thus, absent congressional expressions to the contrary, where the underlying statute defines "costs" to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68. See, *e.g.*, *Fulps v. Springfield, Tenn.*, 715 F.2d 1088, 1091–1095 (CA6 1983); *Waters v. Heublein, Inc.*, 485 F.Supp. 110, 113–117 (ND Cal. 1979); *Scheriff v. Beck*, 452 F.Supp. 1254, 1259–1260 (Colo.1978). See also *Delta Air Lines, Inc. v. August*, 450 U.S., at 362–363 [101 S.Ct., at 1155–1156] (POWELL, J., concurring).

Here, respondent sued under 42 U.S.C. § 1983. Pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 90 Stat. 2641, as amended, 42 U.S.C. § 1988, a prevailing party in a § 1983 action may be awarded attorney's fees "as part of the costs." Since Congress expressly included attorney's fees as "costs" available to a plaintiff in a § 1983 suit, such fees are subject to ... Rule 68.

Prior to the Supreme Court decision in *Marek*, the Third Circuit reached a similar result in *El Club Del Barrio v. United Community Corporations*, 735 F.2d 98 (3d Cir.1984). Since *Marek*, the Third Circuit has continued to follow this rule in *Ashley v. Atlantic Richfield Co.*, 794 F.2d 128, 139 (3d Cir.1986). Accordingly, we find that there is a valid and enforceable settlement and that plaintiff is entitled to seek counsel fees and costs in addition to the amount of damages already agreed upon.

*The Amount to be Awarded*

■ The defense objects to the amount plaintiff's counsel is seeking for costs and fees on the grounds that the plaintiff did not obtain substantial relief on all major claims and because counsel's hourly rate is too high. We do not believe that the first ground has any merit. An offer of judgment is an admission of liability. The defendant's offer incorporated and settled all plaintiff's claims, except fees and costs, and did not distinguish between or omit any causes of action. There can be no question therefore that by accepting the offer of judgment plaintiff has won "sub-stantial" relief on "major" issues and is a prevailing party within the meaning of 42 U.S.C. §§ 1988 and 2000e–5(k). *Hensley v. Eckerhart*, 461 U.S. 424, 435 n. 11, 103 S.Ct. 1933, 1940 n. 11, 76 L.Ed.2d 40 (1983).

It is well settled that in order to compute the amount of the attorneys fees, the Court must determine the "lodestar" amount by multiplying the reasonable hourly rate by the number of hours reasonably expended on the matter. *Hensley, supra*, 461 U.S. at 434, 103 S.Ct. at 1939; *Lindy Brothers Builders, Inc. v. American Radiator and Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir.1973) (*Lindy I*) and 540 F.2d 102, 108 (3d Cir.1976) (*Lindy II*). It is clear that the lodestar amount need bear no relationship to the monetary results obtained in the litigation. *City of Riverside v. Rivera*, 477 U.S. 561, 574, 106 S.Ct. 2686, 2694, 91 L.Ed.2d 466 (1986). After determining the lodestar amount, the Court may, under certain circumstances, adjust the lodestar upward or downward. *Hensley, supra; Student Public Interest Research Group of New Jersey, Inc. v. AT & T Bell Lab.*, 842 F.2d 1436, 1451–1455 (3d Cir.1988). Plaintiff has not asked for any increased amount and we find no special circumstances warranting an increase or decrease of the lodestar. The recovery in this case, by way of the settlement agreement, is reasonable and substantial. It is certainly more than just a nuisance settlement.

■ The reasonable hourly rate to be applied in a civil rights case is the prevailing market rate in the relevant community for similar work. *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984). In general, counsel is required to show that the "requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.*, 465 U.S. at 895, n. 11, 104 S.Ct. at 1547, n. 11; *Missouri v. Jenkins by Agyei*, —— U.S. ——, 109 S.Ct. 2463, 2470, 105 L.Ed.2d 229 (1989). The Third Circuit Court of Appeals has held that as a matter of course, absent extraordinary circumstances, the "reasonable val-

ue of any attorney's time is the price that time normally commands in the market place, which is generally reflected in the attorney's normal billing rate." *Student Public Interest Research Group of New Jersey, supra,* at 1445.

We have gone over the petition in detail and note affidavits setting forth the hourly rates usually charged by counsel doing this type of legal work. Some of the preparatory work was delegated to an associate counsel and a paralegal, nevertheless, it is proper to delegate tasks which are customarily performed by associates, paralegals, and law clerks. *Missouri v. Jenkins, supra,* 109 S.Ct. at 2470. It is proper to compensate for the services of more than one attorney so long as there is no duplication of effort. *New York State Association For Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1146 (2d Cir.1983). We find no duplication in the hourly breakdowns in the fee and cost petition.

Rule 54(d) of the Federal Rules of Civil Procedure provides that a prevailing party may recover costs unless the Court otherwise directs. Those costs are defined in 28 U.S.C. § 1920 to include such things as disbursements for printing, witness fees, and filing fees. Recoverable costs also include those costs not typically subsumed within the overhead cost factored into the billable rate. Such costs normally charged to the client include costs for postage, telephone, expert fees, travel, deposition transcripts, shipping, parking, lodging and food. *Rank v. Balshy,* 590 F.Supp. 787, 801–804 (M.D.Pa.1984); *Danny Kresky Enterprises Corp. v. Magid,* 716 F.2d 215, 219 (3d Cir.1983).

After a thorough review of plaintiff's petition and the recovery amount, we feel that a minor fee reduction is in order and we fix the hourly rate for plaintiff's main counsel at $150.00 per hour, and at $125.00 per hour and $60.00 per hour for associate counsel and the paralegal. We note that this is consistent with the rate plaintiff's counsel says in her affidavit that she actually charged, under the retainer agreement, until June, 1989 (Exhibit D to Petition), and it is also consistent with the overall fee charged by Attorney Lieverman (Exhibit J to Petition). We have also approved plaintiff counsel's request for fees and costs incurred in opposing defendant's motions and award an additional $500.00 in fees and $50.30 in costs for this work. This yields the following result:

| RATE | HOURS | | FEE |
|---|---|---|---|
| $150 | 169.0 | = | $25,350.00 |
| $125 | 9.2 | = | $ 1,150.00 |
| $ 60 | 49.55 | = | $ 2,973.00 |
| | TOTAL FEES | | $29,473.00 |
| | OPPOSING MOTIONS | | $ 550.30 |
| | COSTS | | $ 3,675.32 |
| | TOTAL | | $33,698.62 |

An appropriate order follows.

### ORDER

AND NOW, this 24th day of May, 1990, the Court approves the settlement previously entered into in this matter in the amount of $27,000.00. The Court also approves total counsel fees and costs in the amount of $33,698.62 consistent with the foregoing opinion. The Court ENTERS JUDGMENT IN FAVOR OF PLAINTIFF in the amount of $27,000.00, plus costs and fees of $33,698.62.