William **O'FARRELL,** Michael P. Coyle, Maryellen Francke, and Edward Keyser, as Trustees of the Teamsters Local 500 Severance Trust Fund

and

Teamsters Local 500 Severance Trust Fund

v.

**TWIN BROTHERS MEATS, INC.**

No. 94–4722.

United States District Court, E.D. Pennsylvania.

June 15, 1995.

Christopher J. Murphy, Bray & Reardon, P.C., Blue Bell, PA, for plaintiffs.

Robert J. Donaghy, Newtown, PA, for defendant.

## MEMORANDUM

JOYNER, District Judge.

Presently before this Court is the Plaintiffs' motion for attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D) (1993 & Supp.1995). Defendant concedes that an award of fees is mandatory, but argues that Plaintiffs' fee statement includes costs that are excessive and unexplained, and that the request is therefore unreasonable. Consequently, the sole issue before this Court is what constitutes a "reasonable" award.

Plaintiffs originally brought this action under 29 U.S.C. § 1145 (1993 & Supp.1995), Section 515 of the Employee Retirement Income Security Act of 1974 (ERISA), to force Defendant to make the contributions that Defendant was obligated to make "under the terms of a collectively bargained agreement." 29 U.S.C. § 1145. After numerous attempts to settle, the two parties were eventually unable to avoid litigation. Subsequently, Plaintiffs' motion for summary judgment was granted. Plaintiffs then made this motion to recover attorney's fees and costs.

■ 29 U.S.C. § 1132(g)(2)(D) does not allow much discretion when deciding this motion, but instead commands that the court award reasonable attorney's fees and costs to successful ERISA plaintiffs. *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983); *Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview*, 46 F.3d 1392, 1400 (6th Cir. 1995); *DeVito v. Hempstead China Shop, Inc.*, 831 F.Supp. 1037, 1042 (E.D.N.Y.1993); *Cerva v. E.B.R. Enter., Inc.*, 740 F.Supp. 1099, 1102–03 (E.D.Pa.1990). The relevant section states that once a "judgment in favor of the plan is awarded, the court *shall* award the plan ... reasonable attorney's fees and costs of the action, to be paid by the defendant." 29 U.S.C. § 1132(g)(2)(D) (emphasis added). Therefore, this Court's sole duty is to determine what amount is reasonable.

■ A reasonable award is calculated using the "lodestar" method, which requires several steps. *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939. First, the court must determine what constitutes a reasonable billing rate. *Id.* Second, the court must decide how many billable hours are reasonable. *Id.* Third, the court must multiply the reasonable billable hours expended by the reasonable hourly rate to attain the lodestar. *David v. AM Int'l*, 131 F.R.D. 86, 89 (E.D.Pa.1990). Fourth, the court can adjust this figure after weighing other factors. *Hensley*, 461 U.S. at 434–35, 103 S.Ct. at 1939–40.

■ In order to calculate the reasonable rate and a reasonable number of billable hours, the court should review evidence submitted by both parties. *Keenan v. City of Philadelphia*, 983 F.2d 459, 473 (3d Cir. 1992). "The party seeking the attorney's fees," however, "has the burden to prove that its request is reasonable." *Strauss v. Springer*, 817 F.Supp. 1237, 1243 (E.D.Pa. 1993) (citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir.1990)). To be successful, the party "must 'submit evidence supporting the hours worked and rates claimed.'" *Strauss*, 817 F.Supp. at 1243 (quoting *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939). The court should not be left to "speculate" as to how the hours were used, but instead should be given an explicit description of what was performed. *Keenan*, 983 F.2d at 473. Where the court finds that these hours were not "reasonably expended," through over-staffing or poor "billing judgment," the proper adjustments must be made. *Hensley*, 461 U.S. at 434, 103 S.Ct. at 1939–40.

■ The court determines the reasonable hourly rate by comparing the amount billed to the community's market rate "for similar work." *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939. *David*, 131 F.R.D. at 89. In order to determine the market rate in the community, the court must "assess the experience and skill of the attorneys and compare their rates to those of comparable lawyers in the private business sphere." *Student Pub. Interest Research Group v. AT & T Bell Lab.*, 842 F.2d 1436, 1447 (3d Cir.1988). This "requires only a number of representative affidavits [by the plaintiff] from attorneys in the community who possess comparable qualifications and skill." *Id.* at 1450.

■ After a reasonable number of hours and the reasonable rate for the services provided are configured, other factors must be weighed. *Hensley*, 461 U.S. at 434, 103 S.Ct. at 1939–40. The complexity of the legal theories argued, the extent of litigation, and the use of good faith must all be considered. *Id.* at 434–35, 103 S.Ct. at 1939–40. Furthermore, "the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees." *Id.* at 440, 103 S.Ct. at 1943. After these elements are considered, the award can be adjusted. *DeVito*, 831 F.Supp. at 1043; *Rode*, 892 F.2d at 1183.

■ In addition to fees, the plaintiff "should generally be compensated for reasonable expenses such as ... telephone charges, [and] photocopies", *Smith v. Great Am. Restaurants, Inc.*, 969 F.2d 430, 440 (7th Cir.1992), as well as for reasonable costs stemming from computer research. *Harman v. Lyphomed, Inc.*, 945 F.2d 969, 976 (7th Cir.1991). Finally, a party may also recover for expenses associated with preparation of the motion for attorney's fees and costs. *Cerva*, 740 F.Supp. at 1108.

■ After the plaintiff submits evidence of the reasonable hours worked and rates charged, as well as other reasonable expenses, the defendant has the opportunity to rebut the reasonableness of the plaintiff's request. *Student Pub. Interest Research Group v. Monsanto Co.,* 721 F.Supp. 604, 618 (D.N.J.1989). The defendant may do so by submitting "counter affidavits" or other "counter evidence." *Id.* at 619. After reviewing this material, the court then determines a reasonable award.

■ Turning to the present case, the first step in calculating the lodestar is the determination of the reasonable hourly rate. Plaintiffs' counsel charged between $185 per hour and $90 per hour for work performed by their attorneys. The upper limit reflects the rate charged by a partner with eight years of experience handling ERISA matters, while the lower figure represents the hours billed by a second year associate with less experience.

The majority of the work was performed by two associates, one with six years and one with five years of experience with the firm. Their normal billing rates began at $125 per hour, but increased to $135 per hour on November 1, 1994. Further, Plaintiffs' counsel billed for work performed by paralegals and for expenses incurred for research, secretarial overtime, postage, and telephone and facsimile use. Finally, Plaintiffs include costs associated with the auditor's fees. To justify these rates as reasonable in the community, Plaintiffs have submitted an affidavit of another attorney in the area who avers that these rates are reasonable.

Defendant does not object to the rates charged by the Plaintiffs' attorneys, by the paralegals, or by the auditors. Defendant does object to the rate increase, but because this was a regularly scheduled business rate increase that pertained to all clients and because it was not excessive, we find it to be reasonable. Based upon the affidavits submitted by the Plaintiffs, the experience of the lawyers who worked on this case, the quality of the work, and the Defendant's approval of these rates, we accept them as reasonable.

The Defendant argues, however, that some of the time spent during litigation by Plaintiffs' counsel and their staff was unnecessary. First, the preparation of the summary judgment motion and the pre-trial memorandum, Defendant claims, was excessive. Second, Defendant asserts that some of the opposing counsel's short conferences could have been avoided, or, at the very least, should not have been charged at such a high hourly rate. Third, Defendant objects to separate expenses included by Plaintiffs' attorneys for secretarial overtime, mailing, messengers, telephone use, and facsimiles, because Defendant considers these overhead costs that should be included in the hourly rates. Fourth, Defendant objects to the costs of the computerized research. Fifth, Defendant claims that the auditing costs are unexplained and might be superfluous.

■ Defendant's objections to the pre-litigation costs are not persuasive because the charges were justified. Plaintiffs' counsel billed for hours spent preparing a pre-trial memorandum and attempting to reach a settlement. Accordingly, Plaintiffs' counsel has charged $999.00 for the preparation and travel expenses of sending two lawyers to Philadelphia for a day to a settlement conference before Chief Magistrate Judge Powers. Plaintiffs' counsel has also billed for time spent in interoffice conferences before and after the meeting.

Although at the settlement conference the parties were unable to achieve a satisfactory agreement, this does not justify a subtraction of the fees. To do so would destroy any incentive for future plaintiffs to attempt to reach settlements, and would instead persuade parties to quickly proceed to litigation. Also, Plaintiffs' recovery of $21,641.49 from Defendant during this time frame further proves that Plaintiffs' counsel's efforts were well spent.

■ Similarly, the hours billed by the Plaintiffs' counsel in drafting the pretrial memorandum are reasonable. Defendant argues that most of these hours billed were unnecessary. The parties should have corroborated their efforts to submit a joint memorandum, Defendant reasons, to be more efficient. The parties, however, finally contacted each other on February 24, 1995,

to discuss creating a joint memorandum, just three days before the deadline to file. This left them without ample time, and Plaintiff therefore spent the next three days drafting and revising their pretrial memorandum, whereas Defendant failed to submit one. Plaintiff did not spend an unreasonable amount of time drafting the memorandum and acted reasonably under the circumstances.

Defendant's objections to the litigation expenses are also not compelling. The time spent preparing the motion for summary judgment was well spent. The Plaintiffs' success in obtaining monetary, as well as injunctive relief, justifies their counsel's fees.

■ The Plaintiffs' fee statement, moreover, clearly explains all of these costs. Not only does the fee statement include exact billing statements from both the Plaintiffs' counsel and the auditors, but also affidavits from an accountant with the firm that conducted the audit, from a lawyer employed by the Plaintiffs' attorneys' firm and by another lawyer in the community to verify the authenticity of these expenses. Also, Plaintiffs precisely illustrate how the hours were used, and why the work was necessary.

Although Defendant refers to various projects that two associates worked on together as unreasonable, there does not seem to be such duplication that would warrant a subtraction to the hours billed. Furthermore, Defendant's unsubstantiated assertions that some of the auditor's work might have been unnecessary are clearly disproved by the affidavits that the Plaintiffs have submitted. Plaintiffs' precise explanations in their fee statement overcome the Defendant's unsupported claims that both the auditor's and Plaintiffs' counsel's bills are excessive because their work was not entirely necessary.

"It is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted," although a "fee petition is required to be specific enough to allow the district court" to determine the reasonableness of the expenses and costs. *Keenan*, 983 F.2d at 473 (quoting *Rode*, 892 F.2d at 1190). Under this standard, we find that Plaintiffs have met their burden in regard to both the specificity of these expenses and to the reasonableness of their fee statement.

■ Finally, the other factors to consider do not warrant any adjustments to the lodestar. Plaintiffs' counsel repeatedly attempted to reach a settlement to avoid litigation. They, unlike Defendant, filed a pretrial memorandum that required extra work. Moreover, Plaintiffs were successful in obtaining a summary judgment in their favor. These points validate Plaintiffs' counsel's success, as well as good faith. Therefore, because the rates and hours are reasonable and because all other factors justify full compensation, Plaintiffs' attorney shall be awarded all costs and expenses requested.

An appropriate order follows.

### ORDER

AND NOW, this 15th day of June, 1995, upon consideration of Plaintiff's Motion for Attorney's Fees, Auditor's Fees, Costs and Expenses pursuant to 28 U.S.C. § 1132(g)(2)(D), and responses thereto, it is hereby ORDERED, for the reasons set forth in the preceding memorandum, that said motion is GRANTED. Plaintiffs are awarded $37,963.41, which is comprised of the following reasonable fees and costs: (1) $29,672.50 of attorney's fees; (2) $5,380 of auditor's fees; and (3) $2,910.91 of other costs and expenses.